BANK AND TRUST COMPANY OF ARLINGTON HEIGHTS, Plaintiff-Appellee and Cross-Appellant, *v.* ARNOLD N. MAY BUILDERS, INC., Defendant-Appellant and Cross-Appellee.

Second District    No. 79-690

Opinion filed November 19, 1980.

Bradley, McMurray, Black & Snyder, of Chicago, for appellant.

Victor J. Piekarski, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff, the Bank and Trust Company of Arlington Heights (Bank), filed a complaint against the defendant, Arnold N. May Builders, Inc. (May), alleging that defendant had entered into an equipment lease with N.I. Systems Services, Inc. (Systems), on or about August 29, 1975; that

the lease was part of a "lease financing" transaction and was assigned by Systems to the Bank concurrently upon its execution; that May had failed to make the monthly payments called for under the lease; that as of October 1977, $21,324.76 was due and owing; that a demand for that amount had been made; and that the defendant had not paid any part of that amount. As relief, plaintiff requested judgment in the amount of $21,324.76 plus interest from October 1977.

In response to the complaint, May filed its answer on July 7, 1978. The answer contained a number of affirmative defenses to plaintiff's claim, including: that the lease is invalid and unenforceable because it is unconscionable; that lessor, Systems, breached certain implied warranties; and that there was a failure of consideration. The defendant, in its answer, also asserted that plaintiff Bank was not protected by the "waiver of defense" provision in the lease (to the effect that the lessee could not raise against the Bank, as assignee, any defense it might have against Systems) as the assignment was not taken in good faith without notice of a claim or defense.

The Bank moved to strike certain portions of the defendant's affirmative defenses, and the trial court granted the motion. Subsequently, on August 10, 1979, plaintiff filed a motion for judgment on the pleadings, which was granted in the amount of $21,324.76 on August 27, 1979. The court denied plaintiff's motion for prejudgment interest, attorneys' fees and costs. Defendant May filed a notice of appeal on September 25, 1979. Plaintiff Bank filed a cross-appeal on October 5, 1979, from that portion of the August 27, 1979, order which denied plaintiff interest, attorneys' fees and costs.

Defendant contends on appeal that the trial court erred both in striking its defenses that the defendant did not take the assignment of the lease in question in good faith and without notice of a claim or defense and in granting judgment on the pleadings in favor of plaintiff.

■■ ■ It is well established that where the court can determine the relative rights of the parties in the subject matter solely from the pleadings, a motion for judgment on the pleadings is a proper procedure. (*Johnson v. City of Evanston* (1976), 39 Ill. App. 3d 419, 423.) However, if the pleadings put in issue one or more material facts, evidence must be taken to resolve such issues, and a judgment may not be entered on the pleadings. (*Zipf v. Allstate Insurance Co.* (1977), 54 Ill. App. 3d 103, 108.) A motion for judgment on the pleadings tests the sufficiency of the pleadings as a matter of law and admits the truth of all facts well pleaded by the opposite party. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 553; *Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 448; *Carr v. Shirland Township* (1978), 66 Ill. App. 3d 1033, 1038.) In deciding the motion a court must disregard all surplusage and conclusory

allegations. *Johnson v. City of Evanston; Department of Mental Health v. Kendall* (1973), 15 Ill. App. 3d 881, 887; see *Carr v. Shirland Township*.

The specific allegations of defendant's answer which are in question are as follows:

"2.b That plaintiff-asignee [*sic*] may not use the 'waiver of setting up defenses against assignee' provision against defendant because:

i. Plaintiff, by its general course of dealing with Lessor and the fact that it was assigned the instrument the same day defendant signed the Lease in a purported effort to deny defendant its valid rights in this transaction, has not taken its assignment in good faith;

ii. and plaintiff knew or should have known of claims and defenses defendant had or might have had against Lessor."

Both parties point out, correctly so, that under section 9—206(1) of the Uniform Commercial Code the Bank, as assignee, can enforce a lessee's waiver of defenses clause if the assignee "takes his assignment for value, in good faith and without notice of a claim or defense ⁕ ⁕ ⁕ ." (Ill. Rev. Stat. 1977, ch. 26, par. 9—206(1).) The statutory requirements of section 9—206(1), which the Bank must satisfy to enforce the waiver-of-defenses clause, are the same conditions which a holder of a negotiable instrument must fulfill to be accorded holder in due course status under section 3—302(1) of the Code (Ill. Rev. Stat. 1977, ch. 26, par. 3—302(1)). (*Personal Finance Co. v. Meredith* (1976), 39 Ill. App. 3d 695, 699.) The defendant asserts that the two defenses which he raised in his answer (lack of good faith and notice of claims and defenses) were well pleaded and that the trial court erred in striking them.

In support of its position that these defenses were well pleaded and thus improperly stricken, the defendant relies on *Walter E. Heller & Co. v. Convalescent Home of First Church of Deliverance* (1977), 49 Ill. App. 3d 213, and maintains that it controls the case at bar. The defendant in its brief suggests, on the basis of *Heller*, that once the defense of the assignee's lack of good faith in taking an assignment is raised, the trial court cannot decide the question as a matter of law. We do not read *Heller* as broadly as does the defendant.

In *Heller*, the trial court struck the defendant's amended answer and granted the plaintiff's motion for judgment on the pleadings. The appellate court determined that the court below had erred in granting the motion to dismiss on the ground that it raised an insufficient defense as a matter of law. The reviewing court concluded that the test of good faith under the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 1—201(19)) is a subjective standard and that the defense of lack of good faith is a factual issue which cannot be resolved purely as an issue of law. The court in *Heller* stated that the defense of lack of good faith was a

factual issue, the resolution of which depends on such underlying factual matters as the effective date of the lease, the date of the assignment of the lease and other evidentiary matters relevant to the plaintiff's "honesty in fact" in the particular transaction in question there. 49 Ill. App. 3d 213, 221-22.

We do not read *Heller* to hold, as the defendant suggests, that the conclusory allegation of the lack of good faith standing alone is sufficient to raise a question of fact. Rather, we interpret *Heller*, as does the plaintiff, to signify that such a conclusory statement does not relieve the pleader from setting forth sufficient underlying factual allegations to support the conclusion. We note that the *Heller* court did not quote directly from the defendant's answer or in any other way indicate what specific allegations the defendant had relied on to support its assertion that the plaintiff had not taken the assignment in good faith. Furthermore, since the *Heller* opinion did not discuss whether the allegations of fact setting forth the defense of the assignee's lack of good faith in that case were sufficient to render judgment on the pleadings improper, we do not find *Heller* to be helpful in the present case where the sufficiency of the underlying factual allegations is the question to be determined.

In addition to its reliance on *Walter E. Heller & Co. v. Convalescent Home of First Church of Deliverance* (1977), 49 Ill. App. 3d 213, the defendant further argues that it has sufficiently alleged facts in support of its contention that the Bank did not accept the assignment of the lease in good faith and without notice of the defendant's claims and defenses so as to render improper the striking of the two defenses set forth in its answer and the entry of judgment on the pleadings in favor of the Bank. The allegations in the defendant's answer upon which it relies are that the lease was assigned to the Bank the same day the defendant signed the leasing instrument and, further, that there was a general course of dealing between the Bank and the lessor-assignor. In its brief, the defendant maintains that these allegations properly pleaded that a close relationship existed between the Bank and the lessor and that such a close connection demonstrates the Bank's lack of good faith so as to render the waiver of defenses against assignee clause unenforceable.

■■ The defendant's argument is without merit, however, since the allegations contained in defendant's answer do not support its contention that a close relationship existed between the plaintiff Bank and the lessor. The cases from other jurisdictions upon which the defendant has relied do not support its position here. (*E.g., Mutual Finance Co. v. Martin* (Fla. 1953), 63 So. 2d 649, 650; *Unico v. Owen* (1967), 50 N.J. 101, 115-16, 232 A. 2d 405, 412-13.) The allegation concerning the general course of the Bank's dealing with the lessor, contrary to defendant's claim, in no way

indicates whether the relationship was close or at arm's length. In fact, the allegation does not indicate in any manner what that relationship was.

The only underlying factual allegation contained in defendant's pleadings to support the conclusory allegation of lack of good faith and the conclusory allegation that the plaintiff knew or should have known of claims and defenses the defendant had or might have had against the lessor was the allegation that the plaintiff Bank took the assignment the same day that the defendant signed the lease. Since the same allegation was asserted in the complaint as well as in the defendant's answer, this factual allegation stands admitted. Since there are no issues of fact, the resolution of the question whether plaintiff was entitled to judgment on the pleadings is properly a question of law.

■■ In *Personal Finance Co. v. Meredith* (1976), 39 Ill. App. 3d 695, the court determined that mere proof of an agreement by the assignee finance company to purchase installment sales contracts from a retail seller was not sufficient by itself to deny the assignee holder in due course status. In effect, the court found that the assignee's business relationship with the seller did not establish the assignee's lack of good faith and that *absent such demonstration the assignee could enforce a waiver of defense clause.* (39 Ill. App. 3d 695, 699-700.) Similarly, we conclude that the mere fact that the Bank took the assignment the same day that defendant signed the lease is insufficient standing alone to support the conclusory allegation that the plaintiff did not take the assignment of the lease in good faith or that the plaintiff knew or should have known of claims and defenses defendant had or might have had against the lessor. Accordingly, we hold that the trial court did not err in granting judgment on the pleadings in favor of plaintiff.

■■ On its cross-appeal, plaintiff Bank contends that the unpaid rent due under the written equipment lease is money due under a written instrument within the meaning of section 2 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 2) and asserts that it is therefore entitled to recover interest on the $21,324.76 due. The trial court denied plaintiff's motion for interest, attorneys' fees and costs. The plaintiff has waived this issue. Although given an opportunity to brief the issues raised in its motion for judgment on the pleadings and motion for interest, attorneys' fees and costs, the plaintiff instead chose to prepare and submit a draft of the judgment order in question, which denied its claims for interest, and requested, consented to and acquiesced in the entry of the judgment order by the court. Under these facts, the plaintiff is barred from raising on its cross-appeal the issue of the denial of prejudgment interest. See *National Malleable Castings Co. v. Iroquois Steel & Iron Co.* (1929), 333

Ill. 588, 602; *Sherman v. Klopfer* (1975), 32 Ill. App. 3d 519, 537; *Posner v. Wechter* (1934), 276 Ill. App. 138, 141.

For the foregoing reasons, the judgment of the Nineteenth Judicial Circuit, McHenry County, is affirmed.

Affirmed.

LINDBERG and WOODWARD, JJ., concur.