Harvey A. PETERSEN, Assignee for the Benefit of Creditors of Agri Power and Equipment Corporation, Plaintiff,

v.

ROYLIN ENTERPRISES, INC., a Nevada corporation, and Charles F. Royer, Defendants.

Civ. No. R–81–104 BRT.

United States District Court, D. Nevada.

Jan. 13, 1982.

---

4. TR 11/9–10 at 20–57.

5. TR 11/9–10 at 36, 54–55.

6. TR 11/9–10 at 25.

Stewart & Stewart, Ltd., Royal A. Stewart, Reno, Nev., for plaintiff.

Diehl, Recanzone & Evans, John W. Diehl, Fallon, Nev., for defendant Roylin Enterprises, Inc.

## ORDER FOR PARTIAL SUMMARY JUDGMENT

BRUCE R. THOMPSON, District Judge.

Plaintiff, an assignee for the benefit of creditors, has moved for summary judgment on both counts of his complaint. Generally stated, the plaintiff seeks to recover the unpaid purchase price allegedly owing on certain items of farm equipment, namely, a swather (count one) and a hay baler (count two), sold by creditor-assignor, Agri Power and Equipment Corporation (Agri-Power), to the defendants. Plaintiff is entitled to a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c) Fed. R.Civ.P.

For purposes of this motion, the pleadings and supporting affidavits establish the following material facts. On December 3, 1979, defendants purchased a swather from Agri-Power by executing an installment contract and security agreement. Shortly thereafter, on December 28, 1979, the same parties sold and purchased a hay baler in the same manner.[1] Subsequently, Agri-Power assigned both installment contracts to Borg-Warner Acceptance Corporation (Borg-Warner). (See Affidavit of David R. Mooney). Borg-Warner, in turn, assigned

---

1. Since Royer has not filed an answer to the complaint, he is deemed to have admitted the allegation that he purchased the equipment. Likewise, since Roylin Enterprises, Inc. has willingly admitted that it also purchased the equipment, its admission controls even though the contracts show that Royer signed only in his individual capacity.

both contracts back to Agri-Power at a later date. (See Affidavit of Harvey A. Petersen). Finally, both contracts having been returned to the hands of their original owner, Agri-Power assigned them to the plaintiff, Harvey A. Petersen; assignee for the benefit of Agri-Power's creditors. (See Affidavit of David R. Mooney). Plaintiff has now brought suit on the contracts to recover the unpaid purchase price of the equipment. These facts, together with the allegations of breach and damage found in the complaint, make a prima facie case for summary judgment if not disputed by the defendants.

Defendant Roylin Enterprises, Inc. (Roylin), although admitting that it purchased the equipment, has generally denied that it owes the amount alleged in the complaint and has raised the affirmative defenses of misrepresentation and breach of warranty. If defendant can prove these affirmative defenses, plaintiff would not be entitled to the relief prayed for in his complaint.

The Affidavit of Paul Pflimlin together with defendant's answer and counterclaim establish a prima facie case for these affirmative defenses. Because the facts underlying these affirmative defenses are in dispute, there exists a genuine issue as to a material fact which precludes this court from granting plaintiff a complete summary judgment.

■ Plaintiff has gone on to argue, however, that he is entitled to summary judgment despite the existence of triable facts because under the provisions of the Uniform Commercial Code, section 104.9206(1) N.R.S.,[2] defendant is precluded from raising these affirmative defenses against an assignee of a contract containing a waiver of defense clause. Plaintiff would be correct in this assertion except that he does not fall within the ambit of § 104.9206(1) N.R.S.

■ Before an assignee for the benefit of creditors can enforce a waiver of defense clause under the authority of § 104.9206(1), he must fulfill the same conditions that a holder of a negotiable instrument must satisfy in order to be accorded the status of a holder in due course under § 104.3302(1) N.R.S. *Bank & Trust Co. of Arlington Heights v. Arnold N. May Builders, Inc.,* 30 UCC Rep. 552, 90 Ill.App.3d 454, 45 Ill.Dec. 850, 413 N.E.2d 183 (1980); *Block v. Ford Motor Credit Co.,* 10 UCC Rep. 139, 286 A.2d 228 (D.C.App.1972); Anderson, *Uniform Commercial Code,* § 9–206:11 (2d ed. 1971).

■ Reference to § 104.3302(1) reveals that an assignee for the benefit of creditors is expressly precluded from attaining the status of a holder in due course. Thus, an assignee for the benefit of creditors can never invoke the authority of section 104.-9206(1).

This express exclusion is found in section 104.3302(3)(b) N.R.S. which states:

3. A holder does not become a holder in due course of an instrument:

(a) By purchase of it at judicial sale or by taking it under legal process; or

(b) *By acquiring it in taking over an estate;* or

(c) By purchasing it as part of a bulk transaction not in regular course of business of the transferor. [Emphasis added.]

Although we have found that section 104.3302(3)(b) has not been interpreted by the Nevada Supreme Court or courts of other jurisdictions to specifically include an assignee for the benefit of creditors as among those who become the holder of an instrument by "taking over an estate," the Official Code Comment to this section makes it perfectly clear that this meaning was intended:

relation to this state." § 104.1105 N.R.S. Because the defendants reside in Nevada, do business here and used the equipment here, the transaction bears an appropriate relation to this state.

---

**2.** By simply citing to the Uniform Commercial Code in general, plaintiff does not indicate whether he is applying California or Nevada law. Nevada's choice of law rule for cases under the U.C.C. states that Nevada law shall apply to "transactions bearing an appropriate

3. *Subsection (3) is intended to state existing case law. It covers a few situations in which the purchaser takes the instrument under unusual circumstances which indicate that he is merely a successor in interest to the prior holder and can acquire no better rights.* (If such prior holder was himself a holder in due course, the purchaser succeeds to that status under Section 3–201 on Transfer.) The provision applies to a purchaser at an execution sale, a sale in bankruptcy or a sale by a state bank commissioner of the assets of an insolvent bank. It applies equally to an attaching creditor or any other person who acquires the instrument by legal process, even under an antecedent claim; *and equally to a representative, such as an executor, administrator, receiver or assignee for the benefit of creditors, who takes over the instrument as part of an estate, even though he is representing antecedent creditors.*

[Emphasis added.] U.C.C. § 3–302, Comment 3.

▉ The rationale for withholding holder in due course status from an assignee for the benefit of creditors rests upon the fact that one who acquires an instrument as the result of taking over an estate does not give value for the instrument, and thus, he does not satisfy one of the three prerequisites for attaining this status under § 104.3302(1) N.R.S. An assignee for the benefit of creditors does not acquire the instrument in exchange for value. The instrument is given to him in trust along with all the other assets belonging to the debtor-assignor. The assignee for the benefit of creditors, therefore, acquires the instrument in his role as a trustee and not as a purchaser.

Plaintiff is not a holder in due course and is therefore limited to the rights prescribed for "holders" in general under § 104.3306 N.R.S. Plaintiff takes the contracts subject to the affirmative defenses raised by defendant.

▉ It is also arguable that because Borg-Warner was a holder in due course for whose benefit the waiver of defense clause may be invoked, the reassignment to Agri-Power, the original seller, carried with it

this immunized position. This, however, is not the law. It is clear that the original seller cannot improve his position vis-a-vis the purchaser by making an assignment to a holder in due course and then subsequently reacquiring the contract. The situation presented here is a common exception to the shelter or umbrella doctrine which plaintiff seeks to invoke. N.R.S. § 104.-3201(1) (1965); *Rozen v. North Carolina Nat. Bank,* 588 F.2d 83, 86 (4th Cir. 1978); U.C.C. § 3–201, Comment 3.

In consideration of the premises, a partial summary judgment is granted to plaintiff on Count I for the sum of Twenty Eight Thousand Nine Hundred Forty Four Dollars and Twenty Eight Cents ($28,944.28), less any unearned finance charge at the time of payment, and on Count II for the sum of Twenty Thousand Twenty One Dollars and Thirty Two Cents ($20,021.32), less any unearned finance charge at the time of payment, *subject, however,* to the rights, if any, granted to defendants under defendants' affirmative defenses after trial thereof.