GORDON TEEPLE *et al.*, Plaintiffs-Appellees, *v.* JUNIOR HUNZIKER *et al.*, Defendants-Appellants.

Second District   No. 82—907

Opinion filed October 5, 1983.

Melvin L. Schlueter and Gregory E. Barrett, both of Schlueter, Ecklund, Olson, Barrett & Moore, of Rockford, for appellants.

Alfred Y. Kirkland, Jr., Glen T. Dobosz, and Wiley W. Edmondson, all of Brady, McQueen, Martin, Collins & Jensen, of Elgin, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

This appeal arises from an action brought by the plaintiffs, Gordon Teeple and Harold Teeple, against the defendants, Junior Hunzi-

ker, Arthur L. Clay, Jr., Daniel Hoy, Betty Credicott, and Illinois National Bank & Trust Company of Rockford, to quiet title to certain real estate purportedly transferred by deed into a trust. On a motion for judgment on the pleadings, the trial court ruled in favor of the plaintiffs as to counts 1 and 2 of their complaint. The defendants appeal from that order, raising the following issues: (1) whether the pleadings presented a material question of fact that should have precluded a judgment on the pleadings; (2) whether "The Teeple Trust" was invalid as a matter of law as disclosed in the pleadings; and (3) whether two deeds dated May 4, 1981, transferring property into the Teeple Trust, were void as a matter of law.

The plaintiffs and defendant Betty Credicott are the only children and sole heirs at law of Henrietta Teeple, who died on January 7, 1982, at the age of 96, leaving a 216-acre farm with a residence on it. The plaintiffs' five-count complaint to quiet title to that property sought, *inter alia*, a declaration that a certain trust entitled "The Teeple Trust" was void and that the deeds transferring real property owned by Henrietta Teeple to that trust were also void and of no legal effect. Several documents were attached to the complaint and amended answer filed by the defendants.

(1) A will dated September 2, 1976, left a tract of land including the house on the Teeple farm to Gordon Teeple, with the rest of the estate to be split equally among Gordon Teeple, Harold Teeple, and Betty Credicott.

(2) A trust agreement dated December 3, 1976, which named Henrietta Teeple as both settlor and trustee, purported to establish a revocable trust of her real property for the benefit of the settlor, with the dwelling house and certain land on the farm to go to Gordon Teeple upon her death the rest of the trust estate to be distributed equally to Gordon Teeple, Harold Teeple, and Betty Credicott. Defendant Illinois National Bank & Trust Company of Rockford was named as successor trustee.

(3) A will dated December 10, 1976, left all of Henrietta Teeple's property to the bank to become part of the December 3, 1976, trust.

(4) Trust minutes, dated March 29, 1980, noted a desire to amend the trust dated December 3, 1976, in order to increase the land to be transferred to Gordon Teeple. It also acknowledged that a power of attorney was being granted to Daniel L. Hoy.

(5) A power of attorney, dated March 29, 1980, and signed by Henrietta Teeple, gave Daniel Hoy the authority to deal fully with her real and personal property, with the restriction that he not give away any of her estate whatsoever.

(6) An amendment to the trust agreement, dated April 2, 1980, substituted defendants Arthur L. Clay, Jr. and Junior Hunziker for the bank as successor trustees and increased the amount of land left to Gordon Teeple. The amendment was signed "Henrietta M. Teeple by power of attorney Daniel L. Hoy."

(7) On January 5, 1981, another amendment to the trust agreement was executed by Daniel Hoy by power of attorney for Henrietta Teeple. It expressed an intention to rewrite the trust agreement and amendments in a single trust agreement to be called "The Teeple Trust," which would be irrevocable. It also stated that Henrietta Teeple intended the Teeple Trust to be considered the final amendment of the December 3, 1976, trust and not a revocation thereof.

(8) A cancellation of will, dated April 29, 1981, and signed by Henrietta Teeple, declared the December 10, 1976, will void. It further stated that the will was replaced by a declaration of trust dated April 30, 1981, which would be the final and binding document concerning all of her estate.

(9) A document entitled "The Teeple Trust," dated April 30, 1981, purported to create an irrevocable trust, naming defendants Junior Hunziker and Arthur L. Clay, Jr., as trustees. The "creator" was designated Daniel Hoy and the handwritten name of Daniel Hoy appeared on the signature line for the grantor. According to the terms of the trust agreement, the properties of the creator would be exchanged for all of the trust certificates of beneficial interest, and the holders of the certificates would be the beneficiaries. The trust would continue for 25 years, and upon termination the corpus would be distributed pro rata to the certificate holders. The certificates were to be issued by the trustees and were transferable only to certain relatives of the grantor.

(10) On May 4, 1981, two deeds executed "Henrietta M. Teeple by power of attorney Daniel L. Hoy" conveyed the farm property from Henrietta Teeple to the Teeple Trust.

Counts 1 and 2 of the plaintiffs' complaint alleged that the December 3, 1976, trust was not legal because it contained no *res*; that the Teeple Trust was not valid in that it did not identify the beneficiaries or describe the *res*; that the Teeple Trust's provision for property to be transferred to the trust referred to that of Daniel Hoy or an unidentified transferor; that Hoy did not and would not transfer his own property to the Teeple Trust; that, since the Teeple Trust was not valid, subsequent transfers to it were a nullity; and that two deeds transferring certain real property of Henrietta Teeple to the Teeple Trust and executed by Daniel Hoy under his power of attorney were

also void becàuse he exceeded his power of attorney by giving away part of Henrietta Teeple's estate. In their amended answer, the defendants denied the invalidity of the trust, noting that those allegations were conclusions of law and not affirmations of fact; stated that Hoy's execution of the Teeple Trust was as attorney-in-fact for Henrietta Teeple, who was the grantor, and that the Teeple Trust was an amendment to the December 3, 1976, trust; and denied that the deeds lacked consideration and were invalid and that Daniel Hoy exceeded his power of attorney.

The plaintiffs moved for a judgment on the pleadings as to the transfer to the Teeple Trust. Pursuant to that motion, the trial court entered an order disposing of counts 1 and 2, which set forth the issues of the validity of the Teeple Trust and the two deeds. The court found that, because the Teeple Trust did not by its terms describe the *res* or subject matter of the trust or identify the beneficiaries by name or by designation of an ascertainable class of persons, it was not a valid trust under Illinois law. The court further found that the deeds transferring the real property to the trust were a nullity since they were outside the power of attorney and since the entity to which they were purportedly transferred did not have the legal capacity to accept and hold property on the date of the transfer.

The defendants argue first that there were material issues of fact raised by their amended answer that alone should have precluded a judgment on the pleadings and also that the judgment should be reversed because the trial court's findings were inconsistent with the law. The plaintiffs reply that the Teeple Trust declaration was an integrated document that was invalid on its face as a matter of law, in that the description of beneficiaries was inadequate and it contained no *res*; that the deeds were unauthorized under the power of attorney and therefore invalid; and that parol or extrinsic evidence is not permissible to attempt to show that a party who signs a document with his name alone intended to act in a representative capacity.

■■■ A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by his complaint or, alternatively, whether the defendant by his answer has set up a defense that would entitle him to a hearing on the merits. (*Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 3.) A judgment on the pleadings is proper if only questions of law and not of fact exist after the pleadings have been filed. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552-53.) It admits all well pleaded facts set forth by the opposite party's pleadings and draws all fair inferences therefrom. (*Baker-Wendell, Inc. v. Edward*

*M. Cohon & Associates, Ltd.* (1981), 100 Ill. App. 3d 924, 927.) The moving party also admits the untruth of its own controverted allegations. (*Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 3.) In deciding the motion, a court must disregard all surplusage and conclusory allegations. If the pleadings put in issue one or more material facts, evidence must be taken to resolve such issues, and a judgment may not be entered on the pleadings. (*Bank & Trust Co. v. Arnold N. May Builders, Inc.* (1980), 90 Ill. App. 3d 454, 456-57.) The motion does not test whether there is any evidence to support the pleadings. (*Whildin v. Kovacs* (1981), 93 Ill. App. 3d 582, 583.) It is well settled that where the court can determine the relative rights of the parties and the subject matter solely from the pleadings, a motion for judgment on the pleadings is the proper procedure (*Bank & Trust Co. v. Arnold N. May Builders, Inc.* (1980), 90 Ill. App. 3d 454, 456), and a motion for judgment on the pleadings is allowed only in such circumstances (*In re Estate of Rettig* (1981), 100 Ill. App. 3d 653, 656). Where there are a complaint and an answer filed, the facts on which the trial court may base its judgment on the pleadings are limited, substantially, to those that the defendant has admitted or asserted in his affirmative defense. (*Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 3.) On review of an order granting judgment on the pleadings, the appellate court must ascertain whether the trial court correctly determined that no genuine issue as to any material fact was presented by the pleadings and, if there was no such issue, whether judgment was correctly entered. *Kemper v. Worcester* (1982), 106 Ill. App. 3d 121, 123.

In the present case, the trial court found that the Teeple Trust lacked both sufficiently ascertainable beneficiaries and a *res*. The instrument creating an express trust must describe with certainty the subject matter, the beneficiaries, the nature of the beneficiaries' interests, and the manner in which the trust is to be performed. (*Jones v. McCollen* (1967), 85 Ill. App. 2d 375, 379.) Therefore, if either of the trial court's conclusions could be drawn from the pleadings as a matter of law, the judgment on the pleadings would have been proper.

The plaintiffs' argument that there was no sufficiently described *res* is not persuasive. The trust agreement specifically provided that the creator of the trust would exchange "all of the Trust Certificates of Beneficial Interest in this Trust Organization *** for all of the Real and Personal properties of the Creator or Transferor of this Trust." Five days later, there was a transfer by deed of real property from Henrietta Teeple to the trust. On the same day, the 100 certificates of beneficial interest were issued to Henrietta Teeple, copies of which

were attached to the defendants' response to the motion for judgment on the pleadings. Even if the trust was not effective as to the real property until the conveyance by deed, the trust terms nevertheless were complete at the time of the actual transfer of the real property giving the trustees the necessary title, assuming that the deeds were valid and were intended to establish the trust.

In order to determine whether the pleadings showed the deeds to be invalid, it is first necessary to address the plaintiffs' challenge to the treatment of Henrietta Teeple as the true grantor of the trust. *Stewart v. Merchants National Bank* (1972), 3 Ill. App. 3d 337, upon which the defendants rely, is on point. In *Stewart*, an attorney set up a 10-year spendthrift trust for a client following the settlement of a personal injury action. The attorney designated himself as the settlor and his client as the beneficiary. The client sought to revoke the trust after three years, arguing that the trust was void as a matter of law in that the attorney had acted as settlor without having full ownership of the trust property. *Loomis v. Loomis* (1862), 28 Ill. 454, was cited for the principle that a trust cannot be created by a person having no title to the premises, since it would be impossible to transfer any interest in something not owned. This court chose rather to adopt the rule of *Guaranty Trust Co. v. New York Trust Co.* (1947), 297 N.Y. 45, 74 N.E.2d 232, that the person who furnishes the consideration for the creation of a trust is the settlor, even though in form the trust is created by another. The court then held that, so long as the client had intelligently ratified the trust, it was not void for want of a competent settlor. *Stewart v. Merchants National Bank* (1972), 3 Ill. App. 3d 337, 338.

■ In the present case, even though Daniel Hoy signed the trust agreement without reference to his power of attorney for Henrietta Teeple, the transfer of Henrietta Teeple's real property to the Teeple Trust made it apparent that she was furnishing the subject matter of the trust, which was the consideration for the beneficial shares she received. If so, under *Stewart*, she would be the grantor. The plaintiffs argue that the Teeple Trust is complete and unambiguous and oppose the use of extrinsic evidence to clarify its terms. However, since the trust was ostensibly completed by the deeds, and the deeds showed Henrietta Teeple as the transferor of the property to the trust, the documents themselves evoke a question as to who the true settlor was. Where an agreement is ambiguous, a court may look beyond the document to ascertain the sense in which the parties used particular terms; the object of judicial construction in the construction of trust instruments is to determine the intent of the parties and to carry it

out, provided that the court does not modify the document or create new terms different from those to which the parties have agreed. (*Northern Trust Co. v. Tarre* (1981), 86 Ill. 2d 441, 450.) Thus, the defendants should have been given the opportunity for a hearing as to whether Henrietta Teeple was intended to be the grantor of the Teeple Trust, which was a material issue of fact.

The plaintiffs' contention that the deeds were invalid rests on the premise that Hoy was the creator of the trust and, as such, was entitled to the certificates of beneficial interest. The plaintiffs argue that the transfer of real property from Henrietta Teeple to the trust was therefore a gift, prohibited under the power of attorney, making the deed void. However, as the defendants point out, their amended answer denied the allegations that the deeds were not supported by adequate consideration, that they would amount to a gift of Henrietta Teeple's estate, and that in executing the deeds Daniel Hoy exceeded his power of attorney, and it affirmatively stated that Hoy executed the Teeple Trust as attorney-in-fact for Henrietta Teeple and that the Teeple Trust was an amendment to the earlier trust. The deeds themselves stated that the property was conveyed "in consideration of One Dollars [*sic*], and other good and valuable consideration." As the defendants urge, it is quite possible that Henrietta Teeple did indeed receive adequate consideration for that transfer in the form of the beneficial interest in the trust. This too presents an issue of material fact.

The plaintiffs also urge that the designation of beneficiaries in the Teeple Trust was defective. The Teeple Trust provided that all 100 units of beneficial interest were to be issued to the creator of the trust. The holders of the certificates of beneficial interest would be the beneficiaries of the trust. The certificate holders would hold their shares as tenants in common, and at the death of any certificate holder the certificate would succeed to the same beneficial interest upon the surrender of the void certificate to the trustee for the reissuance of a new certificate to the then lawful holder or owner. The units of beneficial interest, in certificate form, would be issued by the trustees and transferable only to certain relatives of the grantor as specifically set forth in the trust agreement.

■ The plaintiffs posit that through these provisions the trust instrument did not name a beneficiary, but instead it improperly empowered the trustees to create beneficiaries in the future by the issuance of certificates of beneficial interest, and that they were authorized to issue the certificates only to Hoy, since he was named in the document as the creator. However, we have determined that there

is a material question of fact as to who the actual grantor was. According to the Restatement (Second) of Trusts sec. 112, comment *a*, at 243 (1957), it is sufficient that a beneficiary be either specifically named or capable of ascertainment from facts existing at the time of the creation of trust. Here, it was clear that the trustees had a duty to issue all of the certificates of beneficial interest to the creator of the trust, and who the grantor was could be determined from facts existing when the trust was created. Therefore, the trust did not fail for lack of specificity as to beneficiaries.

The judgment of the circuit court of Kane County is reversed and the cause is remanded.

Reversed and remanded.

SEIDENFELD, P.J., and LINDBERG, J., concur.