**In re ESTATE OF Verena H. LAMY, Deceased.**

**No. 65590.**

Supreme Court of Missouri, En Banc.

Nov. 20, 1984.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellants.

Kathleen R. Sherby, Robert H. McRoberts, Franklin F. Wallis, St. Louis, for respondent.

DONNELLY, Judge.

The Director of Revenue appeals the judgment of the Probate Division of the Circuit Court of the City of St. Louis, holding that the inclusion of trust assets in decedent's estate for inheritance tax purposes was erroneous, and ordering the appraiser to file an amended return. Because this case involves the construction of certain revenue laws, this Court has jurisdiction pursuant to Mo. Const. art. V, § 3.

The decedent, Verena H. Lamy, died testate on March 12, 1978. Many years prior to her death, on October 7, 1931, at the behest of her husband, Charles Oscar Lamy, she executed a trust agreement naming her as "grantor." The trust was funded entirely with her husband's assets, consisting of bonds which were transferred directly through his broker to the trust. Decedent at no time held title to the assets used to fund the trust, or at any time transferred her assets to the trust. The terms of the trust provided that decedent was to receive the trust income for as long as both she and Charles Oscar Lamy lived; that if she predeceased her husband, the entire principal, free from trust, was to be paid to her husband; but if her husband predeceased her, one-fifth of the principal was to be held in trust for her and distributed after her death to her two children by a prior marriage, with the remaining four-fifths to be held in trust for the benefit of, and eventual distribution to, her husband's four children by a prior marriage. The trust agreement gave decedent no control to revoke or amend the trust without the written consent of Charles Oscar Lamy. The dispositive scheme of this trust is similar to the will of Charles Oscar Lamy executed on the same date. It is stipulated that the trust was created to satisfy Charles Oscar Lamy's wishes to provide his wife with an independent source of income and to make a major gift before reinstatement of the federal gift tax. None of decedent's known wills contained dispositive schemes like that of the trust.

Over a number of years, several amendments were effected through the consent

and efforts of Charles Oscar Lamay, following the dispositive schemes of his various wills. The amendments expanded the type of investments allowed with trust assets, required the trustees to invest in such property as Charles Oscar Lamy directed, eliminated Charles Oscar Lamy's interest, removed Charles Oscar Lamy as trustee and substituted his son, and extended life income benefits to the decedent.

The assets of this trust escaped Federal estate tax and Missouri inheritance tax in the administration of the estate of Charles Oscar Lamy following his death in 1949.

After Verena H. Lamy's death, the inheritance tax appraiser included the assets of the trust in her estate. Representatives of the estate filed exceptions to the appraiser's report, contending that they should not be included because decedent was neither the creator nor the "transferor" of the assets of the trust under § 145.020.1(4), RSMo 1978 (repealed). The probate court agreed, finding that the trust was created by Charles Oscar Lamy and that he "retained" control; that he retained for his life the "possession or enjoyment" of the trust property which was synonymous with "control," and was the person from whom title of the beneficial interests was actually derived; that the beneficial interests were fully vested at Charles Oscar Lamy's death in 1949; and that decedent did not transmit or pass any property interest relating to the assets of the trust upon her death. Accordingly, it held that inclusion of the trust assets in decedent's estate for inheritance tax purposes was erroneous, and ordered the appraiser to file an amended return.

Appellant contends that because decedent was named in plain and unambiguous language the grantor of the trust, and retained the income from the corpus for life with the remainder to pass to or for the use of other persons upon her death, that the assets of the trust were properly included in her estate for inheritance tax purposes under § 145.010.1(4), RSMo 1978 (repealed). He asserts that decedent's husband did not retain control over the trust assets since he

had only the power to consent to amendments, and not to amend or revoke the trust himself. Finally, he submits that even if, because her husband was grantor as supplier of the funds of the trust, decedent is not the transferor under § 145.020.-1(4), RSMo 1978 (repealed), § 145.040, RSMo 1978 (repealed), would make the transfer of assets triggered by her death subject to tax in the manner calculated by the appraiser.

■■■■ Appellant is correct in noting that the language of the trust instrument and its amendments shows that decedent was the grantor of the trust, and that in the absence of ambiguity, extrinsic evidence may not be used to demonstrate otherwise. *Williams v. Reid*, 332 Mo. 1212, 37 S.W.2d 537 (1931). However, in this case the trust was ostensibly completed by the transfer of the bonds to the trust, and the transfer documents show that decedent's husband transferred the bonds through his broker directly from his own name to those of the trustees for the trust account. Accordingly, the trust documents taken together evoke a question as to who the true grantor was. *See Teeple v. Hunziker*, 118 Ill. App.3d 492, 73 Ill.Dec. 925, 929, 454 N.E.2d 1174, 1178 (1983). In the face of such ambiguity created by two or more documents, the court may consider the facts and circumstances surrounding the parties in finding out the real parties and beneficiaries of the trust created. *Ervin v. Davis*, 355 Mo. 951, 199 S.W.2d 366, 369 (1947). The grantor of a trust is the person who, directly or indirectly, causes the trust relationship to come into existence. *Guaranty Trust Co. of New York v. New York Trust Co.*, 297 N.Y. 45, 74 N.E.2d 232 (1947); Bogert, Trusts and Trustees, § 41 (2d ed. 1965). When the owner of property gratuitously transfers it in trust, he is the grantor. II Scott, Trust, § 156.3 (3d ed. 1967). In this case, decedent's husband, Charles Oscar Lamy, indirectly caused the trust relationship to come into existence by gratuitously transferring the assets which funded the trust, and dictating its terms through his attorney in conjunction with

his will to best serve his estate plans. Accordingly, decedent's husband, and not decedent, was grantor of this trust.

■ Appellant next contends that Charles Oscar Lamy was not the grantor of the trust because the instrument gave him only the right to consent to amendments; the right to amend itself being left to decedent. However, the right to amend is not a necessary requirement for a person to be grantor; the decisive factor is that he cause the trust to come into being. Bogert, Trusts and Trustees, § 41 (2d ed. 1965). Although he may modify the original instrument when he has expressly reserved the power to amend, *Love v. St. Louis Union Trust Co.*, 497 S.W.2d 154 (Mo. banc 1973), he need not retain such a power to create the trust.

■ Finally, appellant asserts that even if, because her husband as supplier of the funds was grantor, decedent is not the transferor under § 145.010.1(4), RSMo 1978 (repealed), § 145.040, RSMo 1978, makes the transfer of assets triggered by her death subject to inheritance tax as calculated by the appraiser. Section 145.040 reads as follows:

> When property or any interest therein or income therefrom shall pass to or for the use of any person, institution, association or corporation by the death of another by deed, instrument or memoranda or by any transfer or passage whatsoever, such transfer shall be deemed a transfer within the meaning of this chapter and taxable at the same rates and be appraised in the same manner and subject to the same duties and liabilities as any other form of transfer provided in this chapter.

The proper construction of this section must be governed by the legislature's intent gleaned from the terms of the enactment and its relationship to the inheritance tax law as a whole. *In re Estate of McMahon*, 506 S.W.2d 389, 392 (Mo.1974). A related provision of the inheritance law concerns the assessment of inheritance tax on remainders following life estates. Section 145.200, RSMo 1978 (repealed) provides that the tax on such remainders shall be immediately due and payable upon the death of the decedent *grantor*, although the remainderman may elect to postpone payment until he comes into actual possession or enjoyment of the property. If § 145.040 were read to impose inheritance tax upon the death of the holder of the life estate, the same remainder would be doubly taxed, once upon the death of the grantor, and once upon the death of the holder of the life estate. Such a result was patently not the intent of the legislature.

■ Nor does the state have the option of assessing inheritance tax on the remainder under either § 145.200 at the death of the grantor or § 145.040 at the death of the holder of the life estate. Section 145.200 provides that the value of a remainder interest *"shall* be determined by appraisal for the purpose of taxes under this chapter *immediately after the death of the decedent"* (grantor) and *"shall be immediately due and payable* unless those having a beneficial interest in the property elect not to pay until they come into actual possession or enjoyment of the property." (Emphasis added.) Construing the inheritance tax strictly against the state, *In re Estate of Hough*, 457 S.W.2d 687 (Mo.1970), § 145.200 requires the assessment of inheritance tax on remainders following life estates immediately upon the death of the decedent-grantor; only the remainderman, not the state, may elect to postpone payment until possession is effected.

The judgment is affirmed.

All concur.