*In re* ESTATE OF JOHN HICKEY, a Minor (Bennie M. Hickey, Guardian of the Estate of John Hickey, a Minor, Appellant).

First District (4th Division)   No. 1—92—2681

Opinion filed May 19, 1994.

John T. Hickey, of Libertyville, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Barbara L. Greenspan and William O. Arnold, Special Assistant Attorneys General, of counsel), for appellees.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

The issue framed by this appeal is whether a trust created from proceeds of a personal injury lawsuit can be worded to exempt the trust from reimbursement claims of government agencies that provide aid to disabled persons. The trial court ruled that such trusts are prohibited under Illinois law and refused to approve the trust in this case. We agree and affirm.

John Hickey is disabled. He suffered a traumatic loss of oxygen in the course of his birth in 1977. He is blind, retarded, and epileptic. He will always require special care and currently receives Federal financial assistance.

Bennie Hickey, John's mother, filed a lawsuit on his behalf against the doctor who delivered John. A settlement was reached. It provided that the doctor's insurance company would place $113,000 in a trust for John. The insurer is the named settlor of the trust. Bennie Hickey and NBD Trust Company are the co-trustees. John is

the beneficiary. The stated purpose of the trust is to supplement John's needs. The trust agreement reads in part:

"No payments shall be made for any expense or need which would otherwise be satisfied by any form of local, state or federal assistance program, or from any other public or private agencies for any beneficiary hereunder. This trust has been expressly established to cover supplemental expenses over and above the maximum benefits allowable from any local, state or federal assistance program, or from any other public or private agencies. \*\*\* For purposes of determining eligibility for such benefits no part of the trust income or principal shall be considered nor shall be available to any such beneficiary hereunder."

This language, and language like it, has been the subject of litigation in other jurisdictions, often in cases that address the conflict between "supplemental need" trusts for disabled persons and the requirement that a particular recipient of public assistance exhaust personal resources before he or she becomes eligible for government help. (See *Trust Co. v. Oklahoma ex rel. Department of Human Services* (Okla. 1991), 825 P.2d 1295; *Barham by Barham v. Rubin* (Haw. 1991), 816 P.2d 965; *Hatcher v. Department of Health & Rehabilitative Services* (Fla. Dist. Ct. App. 1989), 545 So. 2d 400.) The issue here is resolved by the language of the trust itself. The trust provides that the "laws of Illinois shall govern the validity and interpretation of the provisions of this agreement." In Illinois, the Trusts and Trustees Act (Act) (Ill. Rev. Stat. 1991, ch. 17, par. 1651 *et seq.*) applies to all trusts. Section 15.1 of the Act states:

"Trust for disabled beneficiary. A discretionary trust for the benefit of an individual who has a disability that substantially impairs the individual's ability to provide for his or her own care or custody and constitutes a substantial handicap shall not be liable to pay or reimburse the State or any public agency for financial aid or services to the individual *except to the extent the trust was created by the individual or trust property has been distributed directly to or is otherwise under the control of the individual.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 17, par. 1685.1.

Bennie Hickey filed a petition with the probate court in 1992 to approve the trust and appoint her guardian. When a personal injury lawsuit for the benefit of a minor is settled for $5,000 or more, the administrative procedures of the circuit court of Cook County require that the probate division administer the settlement and appoint a guardian. The probate court allowed Bennie Hickey to be appointed guardian, but denied the petition to approve the settlement. The court ruled that the prohibited distributions of the trust violated section 15.1 of the Trusts and Trustees Act (Ill. Rev. Stat. 1991, ch.

17, par. 1651 *et seq.*). The court ruled that the trust funds were improperly exempted from liability to pay or reimburse the State or public agencies for financial aid because the creator of the trust was, in fact, John Hickey—the disabled "individual." His estate appeals this order.

Appellant argues in its brief: "If the instant trust were created by John Hickey, the disabled minor, and not by the [insurer], [the court's] position would be understandable. But the trust instrument is clear in identifying [the insurer] as the grantor and John Hickey as the beneficiary."

What the argument fails to consider is that the trust language here is nothing more than an attempt to disguise the actual settlor. One who furnishes consideration for the creation of a trust is the settlor, even though, in form, the trust is created by another. (*Stewart v. Merchants National Bank* (1972), 3 Ill. App. 3d 337, 338, 278 N.E.2d 10, 12.) In *Stewart*, a trust was created from the settlement funds of a personal injury lawsuit. Its purpose was to pay in part for the rehabilitation of the plaintiff. The plaintiff's attorney designated himself as the settlor and the plaintiff as the beneficiary. The court held that the plaintiff beneficiary was, in fact, the settlor of the trust. *Stewart*, 3 Ill. App. 3d at 338, 278 N.E.2d at 12; see also *Teeple v. Hunziker* (1983), 118 Ill. App. 3d 492, 454 N.E.2d 1174.

As in *Stewart*, the personal injury plaintiff and beneficiary here is the true settlor of the trust. John furnished the consideration for the creation of the trust when he exchanged his chose in action against the doctor for the settlement funds deposited in the trust.

A settlement agreement is void if it is contrary to law. (*In re Estate of Braun* (1991), 222 Ill. App. 3d 178, 583 N.E.2d 633.) The trust created by the settlement here is contrary to section 15.1 of the Trust and Trustees Act. The trust attempts to exempt its funds from reimbursement claims of State or public agencies for financial assistance. This violates the statute's provision that where the disabled person establishes the trust, it is not exempted from liability.

Affirmed.

JOHNSON and HOFFMAN, JJ., concur.