MARGARET SHARPLES, Indiv. and as Adm'r of the Estate of Eugene J. Sharples, Plaintiff-Appellant, *v.* GENERAL CASUALTY COMPANY OF ILLINOIS, Defendant-Appellee.

First District (5th Division)   No. 79-897

Opinion filed June 13, 1980.

Elsener & Kenneally, Chartered, of Chicago, for appellant.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago, (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought an action for declaratory judgment to construe the uninsured motorist provision in an automobile insurance policy. She sought to stack the uninsured motorist coverage based upon the policy's coverage of two automobiles and the payment of premiums thereon. On cross-motions for summary judgment, the trial court ruled in favor of defendant insurer and held, as a matter of law, that the limits of liability clause in the policy precluded stacking and that the payment of premiums was immaterial. On appeal plaintiff contends: (1) the trial court erred in granting defendant's motion for summary judgment; and (2) the trial court's decision constitutes a violation of the due process and equal protection provisions of the State and Federal constitutions. We affirm the judgment of the trial court. The relevant facts follow.

On April 28, 1976, the deceased, Eugene Sharples, purchased an automobile insurance policy from defendant General Casualty Company. The policy insured two automobiles owned by Sharples, a 1972 and a 1976 Oldsmobile. The policy also contained a provision that provided, in pertinent part, as follows:

"Limits of Liability: Regardless of the number of (1) persons or organizations who are insureds under this policy, (2) persons or

organizations who sustain bodily injury or property damage, (3) claims made or suits brought on account of bodily injury or property damage, or (4) automobiles or trailers to which this policy applies,

\* \* \*

Uninsured Motorists Coverage:

(D) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages because of bodily injuries sustained by two or more persons as the result of any one accident."

The attached declaration sheets set forth the limits of liability for an occurrence involving an uninsured motorist in the amount of $10,000 per person and $20,000 per accident.

On June 27, 1976, while driving his 1976 Oldsmobile, Sharples was involved in a collision with William Holland, an uninsured motorist. Sharples died as a result of the accident.

Thereafter, Margaret Sharples, as the administrator of her deceased husband's estate, made a claim for $20,000 under the uninsured motorist coverage provision of the policy. Defendant denied her request of $20,000 and confined its payment to $10,000 based upon the terms of the limits of liability clause contained in the policy.

On June 15, 1978, plaintiff brought an action for declaratory judgment against defendant to construe the uninsured motorist provision of the policy. On cross-motions for summary judgment, the trial court ruled in favor of defendant and held, as a matter of law, that: (1) the limits of liability clause in the policy was clear, unambiguous, and precluded stacking of uninsured motorist coverage; and (2) the payment of premiums by the insured for uninsured motorist coverage was immaterial.

On March 2, 1979, plaintiff filed a motion to vacate, which was subsequently denied. Plaintiff now appeals the denial of that motion and the order granting defendant's motion for summary judgment.

OPINION

Plaintiff initially contends that the trial court erred in granting defendant's motion for summary judgment since there exists a genuine issue of fact as to the payment of premiums. She argues that the payment

of multiple premiums is a factual issue going to the reasonable expectations of the insured, contrary to the trial court's determination that the payment of premiums was immaterial. We reject this argument.

A motion for summary judgment should be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Ill. Rev. Stat. 1977, ch. 110, par. 57(3); *Hernandez v. Johnson Press Corp.* (1979), 70 Ill. App. 3d 664, 388 N.E.2d 778.) Summary judgment is also proper when the issue is determinable solely as a matter of law. (*Serowski v. Klapper* (1978), 65 Ill. App. 3d 238, 382 N.E.2d 499.) In light of the recent decision of our supreme court in *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, we find that in the present case summary judgment was properly granted.

In *Menke,* plaintiff brought an action for declaratory judgment requesting the court to declare that the uninsured motorist provisions of two automobile insurance policies could be stacked to provide a total of $30,000 for the wrongful death of plaintiff's decedent, who was killed when an uninsured motor vehicle in which she rode as a passenger left the roadway and crashed. The first of the policies covered two automobiles, and the second covered one automobile. The statements of coverage for the policies showed that for each automobile there was uninsured motorist coverage of $10,000 per person and $20,000 per accident. In addition, each policy contained the following provision:

"With respect to any occurrence, accident, death or loss to which this and any other automobile insurance policy issued to the Named Insured by the Company also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy."

Defendant insurer argued that plaintiff should not be permitted to "stack" the uninsured motorist provisions and asked the court to declare the total coverage provided per person to be $10,000. Upon plaintiff's motion for summary judgment, the trial court held that the uninsured motorist coverage totaled $30,000. The appellate court reversed and found that, based upon the terms of the policy, plaintiff's coverage was limited to $10,000. The supreme court affirmed that decision.

In reaching its decision, the court initially determined that the above-mentioned clause was clear and unambiguous, therefore it could be applied as written. Since the language clearly limited the insurer's liability to the highest applicable limit under any one policy, that amount being $10,000, the coverage could not be stacked.

The court also refused to examine the intent of the parties, as urged

by plaintiff, by concluding that the manifest intent of the parties there was clearly expressed in the unambiguous language of the antistacking clause. There, as in the case at bar, plaintiff relied heavily upon the fact that he paid separate premiums for the uninsured motorist coverage and argued therefore that he must have intended to receive separate coverages. Again, the court dismissed this contention and further concluded that the clear and unambiguous language of the policy rebutted the existence of any subjective intent of plaintiff.

Finally, the court held that the provision would not contravene public policy as established in the uninsured-motorist statute. The court opined that the purpose of the uninsured motorist statute is to provide coverage which would compensate the insured at least to the same extent as he would have been if he had been injured by a motorist who was insured in compliance with the financial responsibility law. (Ill. Rev. Stat. 1975, ch. 95½, par. 7—203.) Furthermore the antistacking clause was not violative of that purpose because in no instance would plaintiff receive less than $10,000 coverage.

Having carefully examined the facts of that case and the rationale of our supreme court, we find that *Menke* is dispositive of the issues presented in the case at bar. Here, as in *Menke*, the language of the relevant provisions clearly provided the limits of liability applicable to each person and to each accident, as set forth in the declarations. Based upon the clear and unambiguous language of those provisions, we find, as did the court in *Menke*, that the policy should be applied as written. Thus, plaintiff is not entitled to "stack" the uninsured motorist coverage. Moreover, we believe that the payment of premiums is of no consequence to our ruling, since the intent of the parties is manifested in the clear and unambiguous language of the antistacking provision. We find, therefore, that the trial court did not err in granting defendant's motion for summary judgment, as there exists no triable issues of fact and defendant is entitled to judgment as a matter of law.

Since we have determined that defendant's motion for summary judgment was properly granted, we need not address the remaining arguments advanced by plaintiff.

Accordingly, we affirm the judgment of the trial court.

Judgment affirmed.

LORENZ and MEJDA, JJ., concur.