LAURA PUTZBACH, Plaintiff-Appellee, v. ALLSTATE INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 85—0202

Opinion filed June 5, 1986.—Rehearing denied July 7, 1986.

Steven M. Levy and William T. Barker, both of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellant.

George N. Avgeris, Chartered, of Hinsdale, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Laura Putzbach, brought this complaint for declaratory judgment against defendant, Allstate Insurance Company, requesting the circuit court of Du Page County to declare the rights and liabilities of the parties relative to the uninsured motorist provisions under a specified automobile insurance policy issued to the plaintiff's father. Plaintiff had previously been paid the $15,000 limit under the uninsured motorist provisions of a separate policy where she was the named insured. Defendant filed a motion for judgment on the pleadings (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(e)) contending that plaintiff could not "stack" the uninsured motorist provisions of both policies because various provisions of her father's policy specifically denied multiple coverage. Following the denial of defendant's motion, the trial court granted plaintiff's oral motion for judgment on the pleadings and found that her father's policy provided uninsured motorist coverage to her up to the $15,000 limit.

The issue on appeal is whether plaintiff is entitled to stack insurance coverage under the uninsured motorist provision of her father's policy which contains "limits of liability" and "other insurance" sec-

tions which defendant contends precludes the stacking of uninsured motorist coverages.

The facts in this case are not in dispute. On June 2, 1981, plaintiff was injured while riding as a passenger on an uninsured motor vehicle (a motorcycle) which was involved in a "one-car" accident. At the time of the accident, plaintiff was the named insured under an automobile insurance policy written by defendant. Additionally, plaintiff, as a resident relative in the same household, was an unnamed insured under a policy also written by defendant for plaintiff's father. Each policy provided for uninsured motorist coverage in the maximum amount of $15,000 per person, and plaintiff's policy further provided for $5,000 medical payments coverage. Plaintiff made a claim pursuant to her policy, and defendant paid to her $4,231.60 for medical expenses and $15,000 for her uninsured motorist limits pursuant to her policy. Plaintiff then made a demand, as a resident member of her father's household, for payment under the uninsured motorist coverage of her father's policy which was denied by defendant. There is no dispute that plaintiff was covered by both policies. Defendant took the position that certain provisions of these two policies clearly and unambiguously limit the total uninsured motorist benefits payable under the policies to the $15,000 already paid.

The insurance policy issued to plaintiff's father which is at issue here contains two provisions in part V of the policy (uninsured motorist insurance coverage) which defendant maintains preclude the stacking of uninsured motorist coverage, as follows:

"Limits of Liability

The coverage limit stated on the declarations page for:

(1) 'each person' is the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident.

(2) 'each accident' is the total limit for all damages arising out of bodily injury to two or more persons in any one motor vehicle accident.

The uninsured motorists limits apply to each insured auto as stated on the declarations page. This means the insuring of more than one person or auto under this or other auto policies will not increase our uninsured motorists limit of liability beyond the amount shown for any one auto, even though a separate premium is charged for each auto.

Damages payable will be reduced by:

(1) All amounts paid by the owner or operator of the uninsured auto or anyone else responsible. This includes all

sums paid under the bodily injury liability coverage of this or any other auto policy.

(2) All amounts payable under any workers compensation law, disability benefits law, or similar law, Personal Medical Payments, or any similar automobile medical payments coverage.

If There is Other Insurance

If the injured person was occupying a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess. This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, we will only pay the amount by which the limit of liability of this policy exceeds the limit of liability of that policy.

If more than one policy applies to the accident on a primary basis, the total benefits payable to any one person will not exceed the maximum benefits payable by the policy with the highest limit for uninsured motorists coverage. We will bear our proportionate share with other uninsured motorists benefits. This applies no matter how many autos or auto policies may be involved whether written by Allstate or another company."

Examining first the "other insurance" provision, we agree with the parties that the first paragraph of that provision is factually inapplicable here because it refers to a vehicle plaintiff was occupying which is insured under another policy. The motorcycle on which plaintiff was a passenger was not insured by the owner. Focusing on the second paragraph, defendant contends that the language of that clause clearly and unambiguously precludes stacking. It cites, in particular, the language of the third sentence of that paragraph which provides that "[t]his applies no matter how many *** auto policies may be involved whether written by Allstate or another company." Defendant maintains that reading that sentence together with the first sentence of the paragraph, which provides that benefits "will not exceed the maximum benefits payable by the policy with the highest limit for uninsured motorists coverage," leaves no doubt that plaintiff cannot stack the policies. Defendant contends that the policy language prohibiting stacking, as in *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, is permissible where clear and unambiguous.

Plaintiff responds that the second paragraph of the "other insurance" provision is inapplicable because it is only operative if more than one policy applies to the accident on a "primary" basis. Plaintiff argues that as plaintiff's own policy is "primary" and her father's is

"excess or secondary," the provision is not applicable. Plaintiff also contends that because the second sentence of the paragraph contains the language that provides for proration with other uninsured motorists benefits, the clause is ambiguous under the rationale in *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247, and *Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 389 N.E.2d 1150.

In *Glidden*, a case in which an "other insurance" provision provided for proration between uninsured motorist provisions of different policies, our supreme court found that the apparent purpose of the proration clause was to distribute responsibility among multiple insurers and, as such, has no meaningful purpose when applied to coverages issued by the same company. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247.) The provision provided:

> "Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance." (57 Ill. 2d 330, 334, 312 N.E.2d 247.)

Because it was found to have no meaningful purpose when applied to the same company, it was held to be ambiguous and did not prevent stacking of policies all issued by the same company. See also *Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 389 N.E.2d 1150.

In *Menke*, however, the court held that a clause in the uninsured motorist provision of an insurance policy prohibited stacking of coverage of multiple insurance policies issued by one insurer. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423-25, 401 N.E.2d 539.) The pertinent provision stated:

> "With respect to any occurrence, accident, death or loss to which this and any other automobile insurance policy issued to the Named Insured by the Company also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy." (78 Ill. 2d 420, 423, 401 N.E.2d 539.)

This provision did not contain a proration clause but did, as in the in-

stant case, specifically make the clause applicable whether the multiple policies were written by the same company or another company, unlike the provision in *Glidden*. The court determined that the clause was unambiguous, valid, and not against public policy. *Menke v. County Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423-25, 401 N.E.2d 539.

In light of the decisions in *Glidden* and *Menke*, our inquiry is whether the clause is unambiguous, for if it is, the clause may be applied as written and prevent the stacking of these two insurance policies. The construction of an insurance policy presents only a question of law and can be determined on review independent of the trial court's judgment. (See *Uhwat v. Country Mutual Insurance Co.* (1984), 125 Ill. App. 3d 295, 302, 465 N.E.2d 964.) In determining whether there is an ambiguity, the clause must be read in its factual context and not in isolation. *United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5, 429 N.E.2d 1203; *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 424, 401 N.E.2d 539.

Here, as in *Menke*, an examination of the clause at issue clearly reveals that if more than one policy applies, the total benefit payable to any one person will not exceed the maximum benefits payable by the policy with the highest limit for uninsured motorists coverage. The provision further expressly provides that this "applies no matter how many auto policies may be involved whether written by Allstate or another company." Were these the only two sentences in the provision and assuming all provide primary coverage, plaintiff concedes that the language precludes the policies from being stacked. Nevertheless, plaintiff contends that the inclusion of the sentence on proration of benefits makes the whole clause ambiguous. We disagree.

While the inclusion of a proration clause was found to make the "other insurance" provision in issue in *Glidden* ambiguous, the language of the policy in *Glidden* did not contain the express language present in the third sentence of the provision here which applies to policies "whether written by Allstate or another company." Thus, the proration clause, read in the factual context of all three sentences in the policy at issue here, clearly can only refer to the situation where other insurance is written by another company. Such a proration clause is necessary in an insurance policy to make certain that one insurance company does not pay a disproportionate amount of a loss which is to be shared with another company. Reading the entire paragraph in its factual context and not taking the proration clause in isolation (see *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 424, 401 N.E.2d 539), we find the entire paragraph is unambigu-

ous and is clearly applicable both to multiple coverages provided by one insurance company and of another company. Accordingly, coverage cannot be stacked.

Nor are we persuaded by plaintiff's argument that the clause in question is inapplicable because it specifies multiple policies applying to the accident on a "primary" basis. Plaintiff contends that as her own policy was "primary" and her father's policy was "excess or secondary," the clause against stacking is inapplicable under the facts of this case. Insurance companies are liable according to the terms of their agreements, and insurance policies should be construed like any other contract (see *Dotson v. Agency Rent-A-Car, Inc.* (1981), 101 Ill. App. 3d 804, 807, 428 N.E.2d 1002); and whether a policy is "primary" or "secondary or excess" depends upon the terms of the policy. The only part of the "other insurance" provision of plaintiff's father's policy which refers to "excess" coverage is in the first paragraph, and, the parties agree, the first paragraph is not applicable here because plaintiff was not injured while occupying an unowned vehicle which was insured under another policy. The motorcycle plaintiff was riding on as a passenger was not insured. Plaintiff has not pointed out any language in either of the policies which would make one policy excess and the other primary under the circumstances here. We therefore conclude that both policies are primary as to the uninsured motorist clause in issue under the circumstances here.

As we have determined that the "other insurance" provision prevents the stacking of the two insurance policies, we need not consider defendant's additional argument on appeal that the "limits of liability" provision also precludes the stacking of the two policies.

For the reasons set forth above, we reverse the judgment on the pleadings in favor of plaintiff and enter judgment for defendant on its motion for judgment on the pleadings.

Judgment reversed and judgment entered for defendant.

NASH, P.J., and UNVERZAGT, J., concur.