EHAB DARWISH, a Minor, by Misaad Darwish, his Father and Next Friend, *et al.*, Plaintiffs-Appellants, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)   No. 1—92—2605

Opinion filed April 29, 1993.—Rehearing denied May 27, 1993.

Raymond P. Concannon, Ltd., of Chicago (Raymond P. Concannon and Michael P. Concannon, of counsel), for appellants.

Brent Sadewater, of Lanigan & Sadewater, of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Ehab Darwish (minor plaintiff) and his father Misaad Darwish (plaintiff), brought this declaratory judgment action to construe the limits of uninsured motorist coverage and medical payments coverage contained in an insurance policy issued by the defendant, Nationwide Mutual Insurance Company (Nationwide). The plaintiff also had a policy with similar coverage issued by Aetna Life and Casualty (Aetna), which is not a party to this appeal. The minor plaintiff was struck as a pedestrian by an uninsured motorist. Aetna paid the full amount of its uninsured motorist and medical payments benefits, and Nationwide denied the plaintiffs' claims under both coverages. On cross-motions for summary judgment, the trial court granted summary judgment in favor of Nationwide and against the plaintiffs. The plaintiffs have appealed, contending that the Nationwide policy was ambiguous and that the coverage limitations relied upon by Nationwide are not authorized by the Illinois Insurance Code (Ill. Rev. Stat. 1991, ch. 73, par. 613 *et seq.*) and violate the public policy of the State.

The Nationwide policy insured two vehicles and charged separate premiums for uninsured motorist coverage limits of $15,000 each person/$30,000 each occurrence on one car and $25,000 each person/$50,000 each occurrence on the other car.[1] The policy contained an "Other Insurance" clause, which provided in pertinent part:

"[I]n any occurrence in which other insurance similar to that provided in this coverage is available under a policy issued by another company, we will be liable for only our proportional share of the loss. This share will be determined by our proportion of the total insurance available. Total damages in any such occurrence will be considered not to exceed the highest limits available in any one of the policies applicable."

---

[1]One of the issues in the plaintiffs' lawsuit, which was rendered moot by the trial court's decision, was whether the policy should be reformed to increase the uninsured motorist coverage limits to equal the bodily injury limits of $100,000 each person/$300,000 each occurrence.

The Aetna policy insured one car and provided uninsured motorist coverage limits of $100,000 each person/$300,000 each accident. Aetna's "Other Insurance" clause provided in pertinent part that "[i]f other similar insurance applies to the loss, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits." Unlike the Nationwide policy, the Aetna policy did not contain language that limited total damages to the highest limits available in any one of the applicable policies.

Both the Nationwide and Aetna policies provided for medical payments benefits in the amount of $5,000 each person. The Nationwide policy stated that "[i]n any loss involving the use of a vehicle you do not own, or being hit by any motor vehicle or trailer, we will pay only the insured benefit over and above the amount of other collectible automobile Medical Payments or Family Compensation insurance."

The plaintiffs' complaint for declaratory judgment stated that on May 18, 1987, the minor plaintiff, while a pedestrian, was struck and seriously injured by an uninsured motorist. The plaintiffs filed claims with both Nationwide and Aetna for uninsured motorist and medical payments benefits. Aetna paid its policy limits of $100,000 in uninsured motorist benefits and $5,000 in medical payments benefits. Nationwide denied the plaintiffs' claim for uninsured motorist benefits based on the language in its other insurance clause which limited the total damages to the highest limits available in any one of the applicable policies. Nationwide denied the medical payments claim based on the policy language stating that it would pay "only the insured benefit over and above the amount of other *** insurance." On cross-motions for summary judgment, the trial court granted summary judgment in favor of Nationwide and against the plaintiffs, finding that because Aetna had already paid to the plaintiffs the full amounts of uninsured and medical payments benefits to which they were entitled, Nationwide under the unambiguous language of its policy was not required to make any further payments.

The plaintiffs first contend that the policy language limiting uninsured motorist coverage is ambiguous and should therefore be construed against Nationwide.

The paramount object in construing a contract is to give effect to the intent of the parties as expressed by the terms of the agreement. (*International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.* (1988), 168 Ill. App. 3d 361, 370, 522 N.E.2d 758.) "In construing contracts of insurance, the court should neither distort the meaning of the words so as to reach a desired result nor search for or invent ambiguities where none exist but, rather, should examine the

policy as a whole and, to the extent possible, give effect to all provisions and interpret words according to their plain, ordinary and popular meanings." (*International Minerals*, 168 Ill. App. 3d at 371, 522 N.E.2d at 764.) Where the language of an insurance policy is clear and unambiguous, it will be applied as written. *United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 4, 429 N.E.2d 1203.

The allegedly ambiguous clause states in pertinent part as follows:

> "[I]n any occurrence in which other insurance similar to that provided in this coverage is available under a policy issued by another company, we will be liable for only our proportional share of the loss. This share will be determined by our proportion of the total insurance available. Total damages in any such occurrence will be considered not to exceed the highest limits available in any one of all policies applicable."

The plaintiffs maintain that this clause is ambiguous because the first two sentences "conflict" with the third sentence and because the terms "loss," "total insurance" and "total damages" are used without definition.

■ We find no ambiguity in the policy language. Read as a whole, the other insurance clause states that Nationwide will pay its proportional share of the coverage available, and that the insured's recovery cannot exceed the highest uninsured motorist limits in any of the applicable policies. A virtually identical provision was determined to be unambiguous in *Putzbach v. Allstate Insurance Co.* (1986), 143 Ill. App. 3d 1077, 494 N.E.2d 192. The other insurance clause in *Putzbach* stated in pertinent part:

> " '[I]f the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which the coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.' " (*Putzbach*, 143 Ill. App. 3d at 1080, 494 N.E.2d at 194-95, quoting *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 334, 312 N.E.2d 247.)

The only difference between the other insurance clause in *Putzbach* and the one in the case at bar is the order of the relevant clauses. Reading the provision as a whole, as we are required to do, we find no merit to the plaintiffs' contention that the language is ambiguous.

■ The plaintiffs next contend that the other insurance clause relied upon by Nationwide is not authorized by the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1991, ch. 73, par. 613 *et seq.*). Specifically, the plaintiffs argue that the Code requires each insurance policy sold in this State to provide uninsured motorist coverage and that coverage cannot be denied on the basis that another policy with a different company provides the same coverage. Central to this argument is the interpretation of section 143a—2(5) of the Code, which provides as follows:

> "Scope. Nothing herein shall prohibit an insurer from setting forth policy terms and conditions which provide that if the insured has coverage available under this Section under more than one policy or provision of coverage, any recovery or benefits may be equal to, but may not exceed, the higher of the applicable limits of the respective coverage, and the limits of liability under this Section shall not be increased because of multiple motor vehicles covered under the same policy of insurance." (Ill. Rev. Stat. 1991, ch. 73, par. 755a—2(5).)

This language has often been held to preclude the stacking of coverages under the same policy of insurance or under multiple policies issued by the same insurer. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 426, 401 N.E.2d 539; *Sharples v. General Casualty Co.* (1980), 85 Ill. App. 3d 899, 902, 407 N.E.2d 674.) The plaintiffs in the case at bar argue, however, that section 143a—2(5) does not apply to multiple policies issued by different insurers. Neither party has cited case law involving the application of this Code section to policies issued by different insurers.

In construing a statute, the courts must look to the statutory language as the best indication of the intent and meaning of the legislature. (*McIntosh v. A & M Insulation Co.* (1993), 244 Ill. App. 3d 247.) Where that language is unambiguous, it must be enforced as enacted. (*McIntosh*, 244 Ill. App. 3d at 251.) Section 143a—2(5) states that if the insured has uninsured motorist coverage "under more than one policy," the insurer may insert terms which limit recovery to the highest limits in any applicable policy. There is no language in the statute which limits this application to multiple policies issued by the same insurer. We are without authority to create exceptions or limitations which are not contained in the statute. *McIntosh*, 244 Ill. App. 3d at 252.

■ Next, the plaintiffs contend that Nationwide's denial of coverage violates the public policy of the State. Citing *Hoglund v. State Farm Mutual Automobile Insurance Co.* (1992), 148 Ill. 2d 272, 592

N.E.2d 1031, the plaintiffs maintain that Nationwide may not rely on coverage limitations where there is no danger of a double recovery and where the payment of multiple premiums created in the insured a reasonable expectation of multiple coverages. The *Hoglund* case involved a situation in which the insured was injured in part by an uninsured motorist and in part by an insured motorist. The supreme court held that despite policy language to the contrary, the insurer providing uninsured motorist coverage was not entitled to a setoff for amounts paid by the insured tortfeasor. The court determined that allowing a setoff would violate the policy behind the uninsured motorist statute, which is to place the injured party in the same position as if the uninsured driver had been insured. In *Obenland v. Economy Fire & Casualty Co.* (1992), 234 Ill. App. 3d 99, 599 N.E.2d 999, *appeal pending*, No. 74296, this court found that the rationale of *Hoglund* does not support its application to situations in which the insured is injured by a single uninsured or underinsured motorist. In the case at bar, the plaintiff had $100,000 in uninsured motorist coverage with Aetna. The minor plaintiff was injured by an uninsured motorist and received $100,000. This is the same amount he would have received had the uninsured motorist been insured according to the provisions of the Code. Under the terms of the applicable insurance policies and Code provisions, the plaintiff has received the full amount of uninsured motorist coverage to which he was entitled. We therefore find no violation of public policy.

■ Finally, the plaintiffs contend that Nationwide's denial of medical payments coverage under its policy is invalid. Nationwide denied coverage based on a policy provision stating that it would "pay only the insured benefit over and above the amount of other collectable automobile Medical Payments or Family Compensation insurance." The plaintiff collected $5,000 from Aetna under the medical payments coverage in the Aetna policy. Although the plaintiffs assert that it is "difficult to understand" Nationwide's denial of coverage, they do not support their position with either citation of authority or reasoned legal argument. We accordingly consider the issue waived for purposes of appeal. *Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 719, 495 N.E.2d 1132.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and CAHILL, JJ., concur.