JEFFREY ACKERMANN, Plaintiff-Appellee, *v.* PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant-Appellant.

First District (3rd Division)   No. 79-632

Opinion filed April 23, 1980.

Robert Soderstrom and Richard Clark, both of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellant.

Schwartzberg, Barnett & Cohen and Heller & Morris, both of Chicago, for appellee.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

On October 2, 1976, the plaintiff, Jeffrey Ackermann, was a passenger in an automobile operated by Paul Short which collided with a vehicle driven by William Wallete. At the time of the collision, Wallete was insured by Allstate Insurance Company (Allstate) under an automobile casualty insurance policy which provided for public liability coverage in the amount of $25,000. Short and the vehicle he was operating were uninsured. The plaintiff was insured by the defendant, Prudential Property and Casualty Insurance Company (Prudential), and his policy included coverage for personal injuries resulting from a collision involving an uninsured vehicle.

The plaintiff pursued his claim for damages against Wallete and sought uninsured motorist benefits from Prudential. Subsequently, Allstate offered the plaintiff $20,000 in settlement of his claim against Wallete. Prudential asserted its right to subrogation against the settlement offer in accordance with the terms of its policy which provided in pertinent part that:

"Trust Agreement. In the event of payment to any person under this Part: (a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made; (b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this Part; * * *."

Thereafter, the plaintiff filed a complaint for declaratory judgment which requested that the court declare that he was entitled to recovery under the uninsured motorist provisions of his policy and that Prudential was entitled to subrogation rights only as to any assets of the uninsured motorist but not as to any assets of any other insured co-tortfeasor. In response, Prudential filed a motion to strike the complaint and dismiss the cause of action, asserting that the plaintiff was not entitled to the relief sought as a matter of law. After hearing argument concerning the motion the trial court entered an order declaring that,

"[A]ssuming but not deciding that Plaintiff is an insured under Coverage J—Uninsured Motorist of the insurance policy referred to in the Complaint and is otherwise entitled to make a claim under said coverage, the rights of the Defendant under the paragraph of said coverage entitled 'Trust Agreement', * * * are limited to the pursuit of rights against and to the pursuit of the assets of the allegedly uninsured motorist Paul Short only and may not be pursued against Wallete's insurer, or against any other person or organization not defined in said policy as an uninsured motorist."

It is from this order that Prudential appeals.

Prudential contends that the trial court erred in failing to grant its motion to strike and dismiss. It asserts that the language of the trust agreement provision in the policy clearly provides that Prudential is entitled to reimbursement from the proceeds received by the plaintiff from "any person or organization legally responsible for the bodily injury." It contends that there is no distinction in this provision between proceeds received from an insured tortfeasor or an uninsured tortfeasor. Moreover, Prudential contends that the wording of the trust agreement closely parallels the language of section 143(a) of the Illinois Insurance Code concerning uninsured motorist insurance. This section states:

"In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or death for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer * * *." Ill. Rev. Stat. 1975, ch. 73, par. 755a(3).

This issue was decided by the supreme court in *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247. In that case Glidden's wife, a pedestrian, was struck and killed by an uninsured motorist. In addition to his uninsured motorist claim against the defendant insurance company, Glidden filed suit against a dramshop defendant. The supreme court specifically held that the insurer was entitled to be subrogated, to the extent of payment made under the uninsured motorist coverage, to any proceeds received by the plaintiff from both the uninsured motorist and the dramshop defendant.

The plaintiff argues that the recent decision of *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62, supports the trial court's order. In *Wilhelm* an insurance policy contained a provision purporting to allow the insurer to set off from its liability under an uninsured motorist clause any amounts received from any

person jointly liable for an accident. The court held that this provision was invalid to the extent it would reduce the uninsured motorist coverage to an amount lower than that required by the Insurance Code.[1] The court noted that the purpose of the coverage requirement is to place the policyholder in substantially the same position he would occupy if the uninsured driver possessed the required minimum liability insurance.

The plaintiff argues that the effect of the subrogation clause in Prudential's policy is identical to the effect of the setoff clause invalidated in *Wilhelm*.[2] He contends that his damages are in excess of the $20,000 offered by Allstate. The plaintiff asserts that if Prudential is entitled to subrogation rights against the Allstate settlement, he will be in a worse position than if Short had been insured. If Short had complied with the Financial Responsibility Act (Ill. Rev. Stat. 1975, ch. 95½, par. 7—203) the plaintiff would have been compensated by at least $10,000 from Short's insurer[3] and $20,000 from Allstate. If Prudential is entitled to subrogation rights against the Allstate settlement, the plaintiff will recover only $20,000.

The plaintiff cites *Capps v. Klebs* (Ind. App. 1978), 382 N.E.2d 947, 951-52, in which the court found such a result unfair. The court stated:

> "If Trinity's [the insurer] interpretation of the subrogation provision were adopted in this case, Trinity would, in effect, be allowed to avoid its statutory obligation to provide a minimum of $30,000.00 to compensate its insured for losses caused by the uninsured motorist, although the policyholder remains uncompensated for such losses. The statute was designed to diminish this type of uncompensated loss up to the limits of the required policy provision. *Pro tanto* subrogation would effectively nullify the coverage ostensibly provided by the policy. The Capps would be in a worse position than they would have been in had Klebs been insured. * * * To allow subrogation when the Capps have not been fully compensated places them in the same position as if Klebs was uninsured and there was no uninsured motorist statute in effect. Under such circumstances there would be no advantage to paying premiums for uninsured motorist protection in such joint tortfeasor situations. We cannot ascribe such an intent to the legislature. The only purpose of the subrogation provision that is

---

[1] the Code required every automobile liability policy to contain uninsured motorist coverage in an amount not less than the limits set forth in the Financial Responsibility Law. Ill. Rev. Stat. 1975, ch. 73, par. 755a(1).

[2] Although the *Wilhelm* court invalidated the setoff clause, it also noted that the Insurance Code provides "that the insurer having paid the claim, is entitled to recover, to the extent of such payment, out of the proceeds of any settlement or judgment against any person legally responsible for the injury." 60 Ill. App. 3d 894, 899-900.

[3] Public Act 81-1202 has increased the minimum amount of insurance required to $15,000, effective March 1, 1980.

594

consistent with the statutory framework of minimum coverages required by law is to prevent double recovery."

See also *Security National Insurance Co. v. Hand* (1973), 31 Cal. App. 3d 227, 107 Cal. Rptr. 439; *Milbank Mutual Insurance Co. v. Kluver* (1974), 302 Minn. 310, 225 N.W.2d 230; *Craig v. Iowa Kemper Mutual Insurance Co.* (Mo. App. 1978), 565 S.W.2d 716.

In *Glidden* the supreme court decided the issue of subrogation in connection with the uninsured-motorist clauses of insurance policies. Therefore, even though the plaintiff's argument and the authorities he cites are persuasive, under the *Glidden* decision we find that Prudential is entitled to reimbursement from the plaintiff to the extent that it makes payment to him for uninsured motorist coverage, if he recovers from either tortfeasor.

For the foregoing reasons the order of the Circuit Court of Cook County, which denied Prudential's motion to strike and dismiss and held that Prudential could seek reimbursement only from the monies paid by the uninsured motorist, is reversed. The case is remanded to the circuit court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

McNAMARA and SIMON, JJ., concur.