PATRICIA MAID et al., Plaintiffs-Appellees, v. ILLINOIS FARMERS INSURANCE COMPANY et al., Defendants-Appellants.

First District (3rd Division)    No. 80-1724

Opinion filed November 18, 1981.

Walter M. Ketchum, Ltd., of Chicago (Patrick S. Moore, of counsel), for appellants.

Heller & Morris and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen and Hugh J. Schwartzberg, of counsel), for appellees.

Mr. JUSTICE WHITE delivered the opinion of the court:

Plaintiffs Patricia Maid and Philip Maid, Sr., brought this action for a declaratory judgment construing an uninsured motorist provision in four automobile insurance policies issued by defendant, Illinois Farmers Insurance Company. Plaintiffs sought a declaration by the circuit court that they were entitled to aggregate or "stack" benefits potentially payable under the policies. The trial court granted a motion by plaintiffs for summary judgment and held as a matter of law that plaintiffs were entitled to "stack" uninsured motorist benefits under all four policies.

The facts are not in dispute. On December 9, 1977, Patricia Maid, daughter of Philip Maid, Sr., was involved in an automobile collision with defendant Melvin C. Wilson, an uninsured motorist. The automobile, being operated by Patricia at the time of the accident, was owned by her father and was the insured vehicle under one of the policies issued by the company to her father. Patricia was the named insured under one of the policies and was at this time a member of her father's household, thus qualifying as an insured under the other three policies. Each policy issued by the company provided uninsured motorist insurance in the amount of $10,000, medical expense coverge in the amount of $2,000, and wage loss coverage in the amount of $150 per week for one year. On appeal defendant contends that the trial court erred in interpreting the provisions of the subject insurance policies and in holding that they permitted stacking of uninsured motorist benefits as a matter of law.

Defendants assert in support of this argument that two clauses of the insurance policy prohibit stacking, one appearing in the policy itself, the other in an amendment to the policy. Coverage "C" of the primary policy, "Benefits for Bodily Injury Caused by Uninsured Motorist," contains this limitation:

"Limits of Liability

(a) The limits of the Company's liability shall be the limits of bodily injury liability required by the motor vehicle financial responsibility law of Illinois."

Defendants' position is that under this language, Patricia Maid is limited in her recovery to $10,000, the minimum coverage required by the State

statute for bodily injury caused by an uninsured motorist. (Ill. Rev. Stat. 1979, ch. 73, par. 755a(1).) It is our opinion that while the language of section (a) of clause "C" does serve to limit the company's liability under any *one* of the insurance policies owned by the insured to the statutory $10,000 limit, it in no way affects the right of the insured to stack benefits potentially recoverable under several *different* policies.

If this is not the only permissible construction of coverage "C" it certainly is one which the language of the policy permits. If the clause is ambiguous it must be construed in favor of the insured, *i.e.*, construed to permit stacking. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539.) The language of the insurance policy here is to be contrasted with the wording of the policy in *Sharples v. General Casualty Co.* (1980), 85 Ill. App. 3d 899, 407 N.E.2d 674. In that case the court was also construing a limits of liability clause under an uninsured motorist coverage provision to determine if it prohibited stacking. The *Sharples* court held that it did. There, however, the clause limiting liability contained the following restrictive language not found in the policy of the instant case: "The limit of liability of uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for *all* damages * * * because of bodily injury sustained by one person as the result of any one accident * * *." (Emphasis added.) 85 Ill. App. 3d 899, 900.

While this language clearly specifies the limits of the company's liability, the clause in the instant case is ambiguous and capable of more than one construction. Our conclusion is supported by plaintiffs' payment of separate premiums under each of the policies issued them by the insurance company which may reflect an intent by the contracting parties that stacking be permitted.

■■ The premium rule states that when premiums have been paid for separate policies, it seems both equitable and desirable to permit recovery under more than one policy until the claimant is fully indemnified. (*Westchester Fire Insurance Co. v. Industrial Fire & Casualty Insurance Co.* (1978), 58 Ill. App. 3d 439, 374 N.E.2d 779.) The thrust of this rule is that insurance companies should not be permitted to collect premiums for a given amount of coverage and thereafter apply limiting clauses to absolve their liability to the insured. (*Greenholt v. Inland National Insurance Co.* (1980), 87 Ill. App. 3d 638, 410 N.E.2d 329.) The rule, according to the *Greenbolt* court, "is best understood as a mere explication of the general rule that the insured is to be favored in construing insurance policies." (*Greenholt*, 87 Ill. App. 3d 638, 641.) Thus, the rule should be viewed as one of construction, and should not be applied unless the insurance contract reveals an ambiguity as to the amount of coverage intended. Having found the limits of liability clause of the uninsured motorist coverage

provision to be ambiguous, we find it fitting that the premium rule be applied here.

■■ As we have stated earlier in this opinion, each of the four policies owned by plaintiffs provided identical uninsured motorist coverage in the amount of $10,000. Since plaintiff paid separate premiums under each of these policies, it is conceivable that he expected to receive additional coverage for his money. Under these circumstances the intent of the contracting parties is uncertain, and we believe the matter should be resolved in favor of the insureds. *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539.

The second clause relied upon by defendant does contain language limiting recovery of benefits to one policy. However, this clause appears as a condition in a "Basic Personal Injury Protection Amendatory Endorsement." As such, it lends no support to defendants' contention that recovery of uninsured motorist benefits is limited to one policy. These conditions in the amendatory endorsement apply only to the provisions of the endorsement which in pertinent parts read as follows:

"Conditions

*The following conditions apply to all Provisions of this endorsement* except where otherwise noted:

\* \* \*

    (6) Other insurance. No person may recover benefits afforded under *this coverage* from more than one policy or company on a duplicate basis. The insurance *afforded shall be primary unless Basic Personal Injury Protection benefits are available* to the injured person as a result of being struck by an automobile with respect to which a specific premium for Basic Personal Injury Protection has been made under another policy or as the result of such person being injured while occupying such an automobile. In such an event, this insurance shall not apply." (Emphasis added.)

■■ This language of the amendatory endorsement refers only to the "Basic Personal Injury Protection" coverage and does not limit Patricia's right to stack benefits for bodily injury caused by uninsured motorists under coverage "C" of the policy. It specifically refers to "Basic Personal Injury Protection" and there is nothing in the endorsement to indicate that the conditions apply to any other coverage. Indeed, the contrary is made clear by the language limiting the applicability of the conditions to the provisions of the endorsement.

Our supreme court has denied the right to stack uninsured motorist benefits when the contract language clearly indicates a limitation on such recovery. *(Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420,

401 N.E.2d 539.) However, in the absence of such unambiguous limiting language, stacking has been approved. (*Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 389 N.E.2d 1150; *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247.) No such language has been found in the clauses upon which defendant relies. We therefore find no error in the trial court's ruling that the uninsured motorist benefits of the policies here could be stacked.

■■ In addition to the two clauses discussed above, defendants in their reply brief in this court raise for the first time as a defense against stacking, Condition No. 10 of the policy relating to other insurance. This clause was not relied upon by the defendant insurance company in the trial court, or in their initial brief on appeal. Supreme Court Rule 341(e)(7) provides:

> "The appellant's brief shall contain the following parts in the order named:
>
> * * *
>
> (7) Argument, which shall contain the contentions of the appellant. * * * Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." (Ill. Rev. Stat. 1979, ch. 110A, par. 341(e)(7).)

Section (g) states additionally: "The reply brief, if any, shall be confined strictly to replying to arguments presented in the brief of the appellee and need contain only Argument." (Ill. Rev. Stat. 1979, ch. 110A, par. 341(g).) It is clear under the language of this Supreme Court Rule that defendants waived their right to raise Condition No. 10 in this appeal. For this reason, and pursuant to motion of plaintiffs, defendants' reply brief has been stricken and no construction of Condition No. 10 is involved in the foregoing opinion.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P. J., and McGILLICUDDY, J., concur.