ALMA J. LANIER, Plaintiff-Appellant, v. ASSOCIATES FINANCE, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—2268

Opinion filed June 18, 1985.

184

Iversen, Carlson & Associates, of Chicago (James D. Griffith, of counsel), for appellant.

Sidley & Austin, of Chicago (George A. Platz and Eugene A. Schoon, of counsel), for appellees.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from the dismissal of a class action complaint filed by plaintiff Alma J. Lanier resulting from her prepayment in September 1983 of an August 24, 1981, loan made to her by defendant Associates Finance, Inc. The loan, secured by a mortgage on plaintiff's home, was to be paid over a 10-year period at an annual percentage rate of 21.59%. The loan agreement contained the following provision:

> "This Loan Agreement may at the option of the Borrower(s) be paid in whole or in part prior to the last payment date. If Borrower(s) prepay the loan in full, the Lender will allow a refund credit of the interest charge for the months prepaid using the 'Rule of 78's' method. No portion of the service fee will be refunded. No refund less than $1.00 will be made."

The amount borrowed was $24,961.48, and plaintiff paid a service fee of $748.85. In September 1983, plaintiff sold her home and sought to prepay the remaining portion of the loan. She had made 23 payments totalling $11,854.57 and was informed by defendant that the amount required for prepayment of the loan would be $27,706. Plaintiff paid this amount and instituted this action in the circuit court of Cook County.

Plaintiff filed a three-count class action complaint. Count I alleges that defendants failed to inform plaintiff that computation of unearned interest upon prepayment under the Rule of 78's results in substantially greater interest charges than computation under the actuarial method. Count I, claiming on behalf of all persons who have prepaid loans to defendants, seeks the return of the difference between the Rule of 78's interest charged and the interest which would have been charged under the actuarial rate. For those persons who have borrowed money from defendants but have not prepaid, count I seeks reformation of the loan agreements based upon unilateral mistake.

Count II of the complaint seeks recovery in common law fraud for misrepresentation of the true interest rate of the loan. Count III seeks recovery under the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 261 *et seq.*).

Defendants moved to dismiss plaintiff's complaint under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). The trial court granted defendants' motion, and plaintiff appeals.

■■ Because the judgment was entered upon allowance of defendants' motion to dismiss, all facts properly pleaded in the complaint must be taken as true, and the pleadings are to be construed strictly against the pleader. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422-23, 430 N.E.2d 976.) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790), and the granting of a motion to dismiss is within the sound discretion of the trial court. *Gagne v. Village of LaGrange* (1976), 36 Ill. App. 3d 864, 867, 345 N.E.2d 108.

■■ The basis of all three counts of plaintiff's complaint is that defendants should be required to explain the meaning and effect of the computation of unearned interest credit under the Rule of 78's upon the cost of the prepayment of a loan. Plaintiff argues that such computation amounts to a prepayment penalty which should be disclosed in the loan agreement. However, plaintiff's contentions are not supported by the law.

Section 10(b)(1) of the Illinois Consumer Fraud and Deceptive Practices Act specifically excludes one from liability under that act for "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officers acting under statutory authority of this State or the United States." Ill. Rev. Stat. 1981, ch. 121½, par. 270b(1).

Under the Federal Truth in Lending Act (TILA) (15 U.S.C. sec. 1601 *et seq.* (1982)) and Federal Reserve Board Regulation Z, issued pursuant to TILA (12 C.F.R. sec. 226.1 *et seq.*), mere identification of the Rule of 78's by name is sufficient disclosure (12 C.F.R. secs. 226.818(c) and 228.18(k)(2)), and the difference between amounts calculated under the Rule of 78's and the actuarial method is not a "prepayment penalty," and hence, disclosure is not required by 12 C.F.R. sec. 226.8(b)(6). (12 C.F.R. sec. 226.818(b); *Gantt v. Commonwealth Loan Co.* (8th Cir. 1978), 573 F.2d 520, 525; *Bone v. Hibernia Bank* (9th Cir. 1974), 493 F.2d 135, 140-41; *Nesbitt v. Blazer Fi-*

*nancial Services, Inc.* (N.D. Ill. 1982), 550 F. Supp. 819, 825 n.4.) This court has held that, due to the essential identity between the Federal TILA and the Illinois Consumer Installment Loan Act, cases decided under TILA, while not binding on this court, are highly persuasive. (*Holmes v. No. 2 Galesburg Crown Finance Corp.* (1979), 77 Ill. App. 3d 785, 787, 396 N.E.2d 583.) Additionally, every Illinois consumer lending statute specifically authorizes the use of the Rule of 78's in calculating interest rebates upon prepayment (Ill. Rev. Stat. 1981, ch. 121½, par. 507 (Retail Installment Sales Act); Ill. Rev. Stat. 1981, ch. 121½, par. 567 (Motor Vehicle Retail Installment Sales Act); Ill. Rev. Stat. 1981, ch. 17, par. 6410(a)(i) (Consumer Finance Act); Ill. Rev. Stat. 1981, ch. 17, par. 5415 (Consumer Installment Loan Act); and the Rules and Regulations Governing the Execution and Enforcement of the Illinois Consumer Installment Loan Act, paragraph 10(h) (1976) (explaining the Rule of 78's)). In addition, the Official Federal Reserve Board staff interpretation to the current truth-in-lending regulation on this subject (12 C.F.R. sec. 226.18(k)(2) (1983)) provides that no description of the method of computing earned or unearned finance charges "is required or permitted" in disclosure documents. (12 C.F.R. pt. 226, supp. I, par. 18(k)(2) (1983).) The overwhelming weight of Federal decisional authority supports this position. See cases cited in *Gantt v. Commonwealth Loan Co.* (8th Cir. 1978), 573 F.2d 520, 525.

Because neither Illinois nor Federal law require explanation of the Rule of 78's in disclosure statements such as the one in the instant case, and because Federal regulations actually prohibit such explanation, plaintiff's contention that she was defrauded by defendants' failure to include such an explanation in her loan agreement is without merit. Therefore, we affirm the circuit court's order allowing defendants' motion to dismiss.

Affirmed.

PERLIN and BILANDIC, JJ., concur.