PATRICIA GREENAWALT, Plaintiff-Appellant, v. STATE FARM INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—88—3177

Opinion filed March 5, 1991.

MANNING, P.J., dissenting.

Edward R. Vrdolyak, Ltd., of Chicago, for appellant.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (Yvonne M. Kaminski, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Patricia Greenawalt, appeals from a judgment entered on the pleadings in favor of defendant, State Farm Insurance Co., in an action seeking a declaratory judgment as to State Farm's obligations pursuant to the uninsured motorist provision of an automobile policy issued to plaintiff and her husband (the Policy). The sole issue on appeal is whether the trial court properly granted State Farm's motion for judgment on the pleadings based on its determination that State Farm's obligation under its uninsured motorist provision was offset and fully satisfied by the joint tortfeasor's settlement. For the

following reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

The underlying facts are undisputed. On May 11, 1986, plaintiff was a passenger in an automobile driven by her husband, which was involved in a collision with an automobile driven by Timothy Anderson. As a result of the collision, plaintiff allegedly suffered severe injuries. Plaintiff filed insurance claims against both drivers. Anderson's insurance company settled with plaintiff for $100,000, the maximum amount under his policy. Because section 1 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1985, ch. 40, par. 1001), in effect at the time of the accident, prevented plaintiff from filing a tort action against her husband, she filed a claim with defendant, her insurer, seeking damages pursuant to the uninsured and underinsured motorist provisions of the three automobile policies she and her husband had with State Farm.[1] State Farm denied that it owed any coverage to plaintiff, and plaintiff filed a complaint for declaratory judgment seeking a declaration as to the rights and obligations of the parties and compelling State Farm to proceed to arbitrate plaintiff's claims.

State Farm then moved for judgment on the pleadings on the grounds that pursuant to the uninsured motorist provision of the Policy, any amount received by an insured from or on behalf of a person legally liable for her personal injuries was to be set off against the liability limits of the uninsured motorist provision. Because the Policy's liability limit for uninsured motorist coverage was $100,000 and plaintiff had already received $100,000 from Anderson's insurer, State Farm claimed that there was no uninsured motorist coverage available. In response, plaintiff argued that her damages exceeded $100,000 and that she had valid claims against both tortfeasors, Anderson and her husband, and that, as joint tortfeasors, each is liable for damages based upon his percentage share of liability.

Following a hearing on the motion, the trial court granted State Farm's motion. In entering its decision, the trial court stated:

"[T]he state of the law is, with regard to contribution, *** inadequately stated. But the contractual provisions here are not,

---

[1] At the time of the accident, plaintiff and her husband owned three automobiles, each of which was insured under a separate policy with State Farm. Initially, plaintiff's complaint for declaratory judgment sought relief under all three policies. However, at the hearing on State Farm's motion for judgment on the pleadings, the parties agreed that plaintiff was proceeding only on the theory that her husband was an uninsured motorist pursuant to the policy issued on the automobile involved in the collision.

in my opinion, vague. And to the extent that they impact on those rights of contribution among joint tortfeasors, is [*sic*] not violative of public policy as well. So she is limited to the contractual limitation of recovery with regard to the setoff of $100,000 that was made. And since their liability is a maximum of $100,000 minus the setoff, there is no liability contractually, and therefore judgment on the pleadings is granted in favor of State Farm."

Plaintiff's appeal followed.

On appeal, plaintiff claims that because her damages exceed the amount of the settlement with Anderson, State Farm remains obligated on behalf of her husband, as a joint tortfeasor, pursuant to the Policy's uninsured motorist coverage. Plaintiff further argues that because she is not seeking double recovery, the settlement with Anderson should not be set off against State Farm's uninsured motorist liability limits. Instead, the settlement should merely reduce the amount of recoverable damages by $100,000.

In response, State Farm argues that the plain language of the Policy provides that payment by any person who is legally liable for bodily injury to the insured reduces the amount payable under the Policy's uninsured motorist provision. The Policy limits uninsured motorist coverage to $100,000. Therefore, Anderson's $100,000 settlement acted to eliminate any obligation State Farm had under the Policy's uninsured motorist provision.

Section III of the Policy, entitled "Limits of Liability—Coverage U," provides, in relevant part:

"1. The amount of coverage is shown on the declarations page under 'Limits of Liability-U-Each Person, Each Accident'. Under 'Each Person' is the amount of coverage for all damages due to bodily injury to one person [$100,000]. ***

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured:

a. by or for any person or organization who is or may be held legally liable for the bodily injury to the insured;

b. for bodily injury under the liability coverage; or

c. under any workers' compensation, disability benefits or similar law."

■■ ■ As a general rule, clear and unambiguous policy provisions are to be applied as written and policy language will be given its plain and ordinary meaning unless it contravenes public policy. (*Scudella v. Illinois Farmers Insurance Co.* (1988), 174 Ill. App. 3d 245, 528 N.E.2d 218; *Potts v. Madison County Mutual Automobile Insurance*

*Co.* (1983), 112 Ill. App. 3d 50, 445 N.E.2d 33.) The public policy behind uninsured motorist provisions is to place the injured policyholder in substantially the same position he would be in if the wrongful driver had had at least the minimum liability insurance required by law. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247; *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 386 N.E.2d 36; *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62.) At the time of the collision, the minimum liability insurance was $15,000. (Ill. Rev. Stat. 1985, ch. 95½, par. 7—203.) However, because the legislature never intended that the statutory minimum be deemed the maximum permissible limit for uninsured motorist coverage (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2, repealed by Pub. Act 81—899), parties may contract to increase the limits of the uninsured motorist provision to more than the statutory minimum. (*Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97.) As a result, the insured who has paid additional premiums may end up in a better situation than if the uninsured motorist had been insured at the statutory minimum. The supreme court addressed such a situation in *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247, and stated, "If there is to be a 'windfall' in this situation, it should be to the insured, who paid the several premiums, rather than to the insurer, which collected them."

■ Plaintiff argues that application of the setoff provision violates public policy because it puts her in a less favorable position than she would be in if she could have proceeded against her husband as an insured joint tortfeasor. Generally, the amount paid by one tortfeasor acts to reduce the recoverable damages from the remaining tortfeasors. Without such a reduction, a plaintiff could receive damages in excess of her injuries, resulting in double recovery. (*Schutt v. Allstate Insurance Co.* (1985), 135 Ill. App. 3d 136, 478 N.E.2d 644.) Although, as a general rule, section 143a(4) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a(4), repealed by Pub. Act 81—999) allowed the insurer to be subrogated to the proceeds of any settlement or judgment received by its insured from anyone who was legally responsible for the injury, in a situation where one of the joint tortfeasors is insured and the other is uninsured, the pivotal public policy issue is whether subrogation or setoff would prevent double recovery or whether it would act to deprive the plaintiff of damages she might otherwise receive if the uninsured tortfeasor had been at least minimally insured. (*Glidden v. Farmers Automobile Insurance Associ-*

*ation* (1974), 57 Ill. 2d 330, 312 N.E.2d 247.) If the total proven or undisputed damages incurred by the plaintiff are greater than the amount paid on behalf of the insured tortfeasor, application of the set-off provision of the uninsured motorist provision would contravene public policy because the plaintiff would not be placed in substantially the same position she would have been in had the uninsured motorist been insured and the "windfall" would be to the insurer. If the uninsured motorist had been insured, settlement with one joint tortfeasor would have acted only to reduce recoverable damages. (*Schutt v. Allstate Insurance Co.* (1985), 135 Ill. App. 3d 136, 478 N.E.2d 644.) Whereas, in an uninsured setoff situation, settlement with one joint tortfeasor acts to reduce the liability limits of the insurer. Because of this public policy dichotomy, setoff provisions apply only where necessary to prevent double recovery. *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247.

The effect of an insured joint tortfeasor's settlement on uninsured motorist liability was addressed in *Schutt v. Allstate Insurance Co.* (1985), 135 Ill. App. 3d 136, 478 N.E.2d 644. The issue in *Schutt* was whether a settlement with an insured joint tortfeasor should be set off against the liability limits of an uninsured motorist provision. In *Schutt*, plaintiff, a passenger in a car driven by Cynthia Long, was injured when Long's car collided with a car driven by Tony Munos. Long was insured; Munos was not. Plaintiff filed a suit for personal injuries. Subsequently, judgment was entered against Long for $2,500 and against Munos for $25,000. The judgment against Long was affirmed on appeal and satisfied by her insurer, Allstate.

Because Munos was uninsured, plaintiff filed a declaratory judgment action against his own insurer, Great Central Insurance Co., and against Long's insurer, Allstate, seeking to recover under the uninsured motorist provisions. Plaintiff and Allstate agreed to submit the uninsured motorist claim to arbitration and stipulated to a voluntary dismissal of plaintiff's declaratory judgment action against Allstate. The dispute between plaintiff and Grand Central was settled pursuant to a covenant not to sue.

Thereafter, plaintiff and Allstate submitted written issues to the arbitrators regarding what injuries plaintiff had incurred as the result of the accident and the size of the award. The arbitrators awarded plaintiff $2,500 in full settlement of his claim. As a result, Allstate claimed that, pursuant to its policy, the uninsured motorist award was to be reduced by all sums paid by any other person jointly or severally liable. Because Allstate had already paid $2,644.40 on behalf of Long and the claim was $2,500, Allstate claimed that it had no further obli-

gation. The trial court found that Allstate was entitled to a setoff. On appeal, the reviewing court affirmed the trial court's decision as to setoff on the ground that, "Since plaintiff has already received [the sum awarded by the arbitrators], the application of the setoff clause did not deprive him of any damages and fairly awarded him only that to which he is entitled." (135 Ill. App. 3d at 141.) Thus, the *Schutt* court's main consideration in allowing setoff was whether by doing so, plaintiff would be deprived of any damages awarded to him by the arbitrators. In reaching its determination, the *Schutt* court indicated that had the setoff provision deprived plaintiff of any damages, the provision would have been unenforceable. The pivotal distinction between *Schutt* and the present case is that a determination as to damages had been made in *Schutt*, whereas in the present case, damages have not been determined.

■ In the present case, plaintiff has alleged damages in excess of the settlement amount of $100,000. If this allegation proves to be true, setoff of the settlement against the uninsured motorist liability limits would deprive plaintiff of damages she would otherwise have been able to recover had her husband been insured. This result is void as against public policy. (*Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62.) Conversely, if plaintiff's damages are found to be $100,000 or less, application of the setoff provision would act to prevent double recovery and, therefore, would be enforceable. *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247.

Thus, a determination of damages is a prerequisite to a decision as to whether a setoff provision in an uninsured motorist provision contravenes public policy or whether it properly prevents double recovery. At the hearing on State Farm's motion, plaintiff's counsel recognized the importance of a damage determination to a resolution of whether setoff under the uninsured motorist provision was void as against public policy.

"COUNSEL: Can I ask how there can be a setoff when the maximum involved [*sic*] of responsibility has yet to be determined?

THE COURT: A setoff is provided for in the contract because it says any amount that you recover shall be applied to the uninsured motorist coverage, which is $100,000."

In reaching its conclusion, the trial court failed to consider the public policy concerns enunciated in *Glidden* and based its ruling strictly on the unambiguous language of the Policy. In our view, the trial court's decision was premature as State Farm is not entitled to

setoff unless it can show duplication of payments. *Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 366 N.E.2d 901.

As previously indicated, at this juncture in the proceedings, no facts have been proved entitling plaintiff to damages in excess of $100,000. It is well settled that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which would entitle plaintiff to recover. (*Lanier v. Associates Finance, Inc.* (1985), 134 Ill. App. 3d 183, 479 N.E.2d 1227, aff'd (1986), 114 Ill. 2d 1, 499 N.E.2d 440.) Conversely, judgment on the pleadings is proper when the pleadings disclose only questions of law. (*Howard v. County of Cook* (1986), 145 Ill. App. 3d 538, 495 N.E.2d 1166.) In the present case, before any determination of damages had been made, the trial court ruled, as a matter of law, that the $100,000 settlement paid by the insured tortfeasor was properly set off against the $100,000 uninsured motorist policy limitations, thereby limiting recoverable damages to $100,000. Had plaintiff's damages been determined to be $100,000 or less, this conclusion would have been proper on the ground that the setoff would prevent double recovery. However, no determination as to damages has been made. If plaintiff proves that her damages are in excess of $100,000, she should be entitled to recover the difference between the $100,000 settlement and her assessed damages, up to the limits of the $100,000 uninsured motorist limitation. Accordingly, because a set of facts does exist which, if proved, would render the setoff provision void as against public policy, and entitle plaintiff to recover under the uninsured motorist provision, judgment on the pleadings was premature and, therefore, improper.

In reaching our decision, we decline to follow *Ackermann v. Prudential Property & Casualty Insurance Co.* (1980), 83 Ill. App. 3d 590, 404 N.E.2d 534, on the ground that its narrow reading of *Glidden* mandates a strict application of unambiguous setoff provisions and fails to consider the public policy aspects of setoff. In *Ackermann*, plaintiff was insured when the vehicle in which he was riding, driven by Short, collided with a vehicle driven by Wallete. Short was uninsured. Wallete was insured by Allstate under a policy with a liability limit of $25,000. Plaintiff's policy with Prudential included uninsured motorist coverage. Plaintiff pursued a claim against Wallete and sought uninsured motorist benefits from Prudential. When Wallete's insurer offered a $20,000 settlement, Prudential asserted its policy right to subrogation against the settlement offer.

Plaintiff filed his complaint for declaratory judgment alleging that his damages were in excess of $20,000 and requesting a declaration

that he was entitled to recovery under the uninsured motorist provision and that Prudential was entitled to subrogation rights only as to the assets of the uninsured motorist. Prudential moved to strike and to dismiss the complaint. The trial court denied Prudential's motion and ruled that Prudential's subrogation rights were limited to the assets of the alleged insured. On appeal, the *Ackermann* court reversed and remanded, stating:

"In *Glidden* the supreme court decided the issue of subrogation in connection with the uninsured-motorist clauses of insurance policies. Therefore, even though the plaintiff's argument and the authorities he cites are persuasive, under the *Glidden* decision we find that Prudential is entitled to reimbursement from the plaintiff to the extent that it makes payment to him for uninsured motorist coverage, if he recovers from either tortfeasor." 83 Ill. App. 3d at 594.

If this court follows *Ackermann*'s strict interpretation of *Glidden*, plaintiff ends up in a worse position than if the uninsured tortfeasor (her husband) had been insured to at least the statutory minimum and State Farm enjoys a "windfall." As previously stated, a setoff of uninsured motorist payments is appropriate only if duplication of payment can be shown. (*Scudella v. Illinois Farmers Insurance Co.* (1988), 174 Ill. App. 3d 245, 528 N.E.2d 218; *Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 366 N.E.2d 901. See *Becker v. Country Mutual Insurance Co.* (1987), 158 Ill. App. 3d 63, 510 N.E.2d 1316; *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62.) Therefore, proof of damages is a necessary issue to be resolved.

Based on the aforementioned, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BUCKLEY, J., concurs.

PRESIDING JUSTICE MANNING, dissenting:

Defendant filed a motion for judgment on the pleadings, arguing that pursuant to its insurance policy, any amount recovered by plaintiff "from or on behalf of a person legally liable for personal injuries" was to be set off against the liability limits of the uninsured motorist provision. Because the liability limit was $100,000, and plaintiff had already

received that amount from Anderson's insurer, defendant had no contractual liability whatsoever to plaintiff.

It is well settled that a motion for judgment on the pleadings raises the question of the sufficiency of the pleadings as a matter of law to entitle the plaintiff to the relief sought by the complaint, and the question of whether defendant's answer sets up a defense to the complaint which would entitle defendant to a hearing on the merits. (*Milanko v. Jensen* (1949), 404 Ill. 261, 88 N.E.2d 857; see also *Teeple v. Hunziker* (1983), 118 Ill. App. 3d 492, 496, 454 N.E.2d 1174; *Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 418 N.E.2d 44.) The motion must be denied by the trial court, if upon an examination of all of the pleadings, the court determines the existence of an issue of material fact. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(e); *Triangle Sign Co. v. Weber, Cohn & Riley* (1986), 149 Ill. App. 3d 839, 501 N.E.2d 315; *Berymon v. Henderson* (1985), 135 Ill. App. 3d 858, 482 N.E.2d 391; *Allis-Chalmers Credit Corp. v. McCormick* (1975), 30 Ill. App. 3d 423, 331 N.E.2d 832.) Moreover, a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which would entitle plaintiff to recover. (*Lanier v. Associates Finance, Inc.* (1985), 134 Ill. App. 3d 183, 479 N.E.2d 1227, *aff'd* (1986), 114 Ill. 2d 1, 499 N.E.2d 440; *Golden Rule Life Insurance Co. v. Mathias* (1980), 86 Ill. App. 3d 323, 408 N.E.2d 310.) Conversely, judgment on the pleadings is proper when the pleadings disclose only questions of law (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113; *Howard v. County of Cook* (1986), 145 Ill. App. 3d 538, 495 N.E.2d 1166), and the trial court determines that the movant is entitled to judgment.

Courts of review in Illinois have held that the entry of judgment on the pleadings is proper only where the trial court determined the relative rights of the parties (*In re Estate of Rettig* (1981), 100 Ill. App. 3d 653, 427 N.E.2d 235), solely from an examination of all the pleadings on file, having taken as true well-pleaded facts, and reasonable inferences to be drawn therefrom, set forth in pleadings of the party opposing the motion (*Triangle Sign Co.*, 149 Ill. App. 3d at 843; *Becker v. Dvorson* (1960), 28 Ill. App. 2d 174, 171 N.E.2d 86), and disregarded all surplusage and conclusory allegations. *Teeple*, 118 Ill. App. 3d 492; *Bank & Trust Co. v. Arnold N. May Builders, Inc.* (1980), 90 Ill. App. 3d 454, 413 N.E.2d 183.

Here, defendant urges that the plain language of the policy provides that payment by any person who is legally liable for bodily injury to the insured reduces the amount payable under the uninsured motorist provision. Because the construction of an insurance policy presents only a question of law (*Donald B. MacNeal, Inc. v. Interstate Fire & Casualty*

*Co.* (1985), 132 Ill. App. 3d 564, 566, 477 N.E.2d 1322; *State Farm Mutual Automobile Insurance Company v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601), the underlying question here, which involves interpretation of the uninsured motorist provision of defendant's insurance policy, is appropriate for determination by judgment on the pleadings. See *Kravis v. Smith-Marine, Inc.* (1974), 20 Ill. App. 3d 483, 314 N.E.2d 577.

The statute that governs uninsured motor vehicle coverage provides in pertinent part:

> "[N]o policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State *** unless coverage is provided *** in limits for bodily injury or death set forth in Section 7—203 of The Illinois Motor Vehicle Code, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ***." Ill. Rev. Stat. 1985, ch. 73, par. 755a(1).

The uninsured motorist provision in the State Farm policy provides that the insurer "will pay damages for bodily injury an insured is legally entitled to collect from the driver or owner of an uninsured motor vehicle." However, the policy further provides that payment by any person who is legally liable for bodily injury to the insured reduces the amount payable under the policy's uninsured motorist provision. Specifically, section III of the policy, which is entitled "Limits of Liability—Coverage U," provides, in pertinent part:

> "1. The amount of coverage is shown on the declarations page under 'Limits of Liability—U—Each Person, Each Accident.' Under 'Each Person' is the amount of coverage for all damages due to bodily injury to one person.
>
> ***
>
> 2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured:
>
> a. by or for any person or organization who is or may be held legally liable for the bodily injury to the insured;
>
> b. for bodily injury under the liability coverage; or
>
> c. under any workers' compensation, disability benefits, or similar law."

It is well established that a clear and unambiguous policy provision is to be applied as written and policy language will be given its plain and ordinary meaning (*United States Fire Insurance Co. v. Schnackenberg*

(1981), 88 Ill. 2d 1, 4-5, 429 N.E.2d 1203; *Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 391, 517 N.E.2d 1187; *Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 591, 515 N.E.2d 1299), unless it contravenes public policy (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539; *Scudella v. Illinois Farmers Insurance Co.* (1988), 174 Ill. App. 3d 245, 528 N.E.2d 218; *Becker v. Country Mutual Insurance Co.* (1987), 158 Ill. App. 3d 63, 510 N.E.2d 1316; *Potts v. Madison County Mutual Automobile Insurance Co.* (1983), 112 Ill. App. 3d 50, 445 N.E.2d 33). While it is correct that limitations on an insurer's liability must be construed liberally in favor of the insured (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044), the rule comes into play only where the limitation of liability clause is ambiguous. *Menke*, 78 Ill. 2d 420.

Plaintiff contends and the majority agrees that the effect of the limitation of liability clause here precludes any recovery from one of the tortfeasors and such limitation contravenes public policy and the intent of the uninsured motorist statute. A similar analysis was rejected in *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 386 N.E.2d 36, and *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295, where our supreme court upheld the validity of setoff provisions which required that uninsured motorist payments be reduced by the amounts of worker's compensation awarded a claimant. The rationale advanced in these cases is that the uninsured motorist statute is intended to place an injured insured in substantially the same position as if the tortfeasor causing the injuries had been insured for the minimum liability insurance required by financial responsibility law. *Stryker*, 74 Ill. 2d at 511; *Ullman*, 48 Ill. 2d at 7-8.

Recently, the appellate court upheld a clause which allowed the insurer to set off from the uninsured motorist coverage any amounts payable by the uninsured motorist or any other tortfeasor. In *Schutt v. Allstate Insurance Co.* (1985), 135 Ill. App. 3d 136, 478 N.E.2d 644, plaintiff, a passenger in a car driven by Cynthia Long, was injured when Long's car collided with a car driven by Tony Munos. Munos was not insured but Long was insured by Allstate. Following litigation and an appeal, judgment was entered and affirmed, respectively, against Long for $2,500 and Munos for $25,000. Plaintiff then filed a declaratory action against Allstate seeking to recover under its uninsured motorist provisions, and the parties agreed to submit the claim to arbitration. The arbitrators awarded plaintiff $2,500 in full settlement of his claim; however, Allstate claimed that pursuant to its policy, the uninsured motorist award was to be reduced by all sums paid by any other person who was jointly or severally liable. Because Allstate had already paid

$2,644.40 on behalf of Long, and the claim was $2,500, Allstate claimed that it had no further obligation. The trial court found that Allstate was entitled to a setoff, and the reviewing court affirmed. The reviewing court stated that the protection afforded by uninsured motorist coverage was not diminished by the limitation. (*Schutt*, 135 Ill. App. 3d at 140.) The court further enunciated:

> "Under well-established principles, amounts paid by one or more of the joint tortfeasors are to be applied in reduction of the damages recoverable from those remaining in the suit. [Citation.] Payments made by one of the tortfeasors on account of the tort either before or after judgment diminish the claim of an injured person against all others responsible for the same harm. [Citations.] Without such a reduction, plaintiff may improperly receive damages in excess of injuries sustained. [Citation.] The purpose of compensatory tort damages is to compensate; it is not the purpose of such damages to punish defendants or bestow a windfall upon plaintiffs. [Citation.] Double recovery for the same injury is a result to be condemned. [Citation.]
>
> We conclude from this summary of the law that the setoff clause only acts to prevent double recovery in accordance with principles of Illinois law on damages and does not prejudice a plaintiff who has sustained injuries as a result of the negligence of an insured motorist." *Schutt*, 135 Ill. App. 3d at 140.

Using reasoning consistent with that in *Ullman* and *Stryker* and in reliance on *Schutt*, I would hold that absent a statutory provision to the contrary, the provision in defendant's policy which permits it to deduct payments paid or payable to its insured from one legally liable to him or her from the limits of uninsured motorist coverage is not offensive to public policy.

Moreover, I believe that the cases cited to by plaintiff are inapposite to the factual matrix here presented. The holdings in *Maid v. Illinois Farmers Insurance Co.* (1981), 101 Ill. App. 3d 1065, 428 N.E.2d 1139, *Goss v. State Farm Mutual Automobile Insurance Co.* (1986), 147 Ill. App. 3d 866, 498 N.E.2d 562, and *Potts v. Madison City Mutual Automobile Insurance Co.* (1983), 112 Ill. App. 3d 50, 445 N.E.2d 33, were limited to the issue of stacking separate policies issued by one insurer and the courts' reasoning in reaching those holdings is irrelevant to the issue of limitation of liability or setoff.

I realize that my proposed disposition here would render a result where plaintiff is precluded from any recovery from her tortfeasor spouse. However, the clause in the policy is not made void by reason of this unfortunate result, or because the plaintiff's total damages possibly

exceed the amount recoverable. Under other circumstances plaintiff would be entitled to recover, *i.e.*, where the amount paid by the uninsured motorist or joint tortfeasor was less than the $100,000 limit of defendant's uninsured motorist coverage. When a court interprets an insurance policy, there are only two sources upon which it may base its analysis: the plain language of the policy and the plain language of the Insurance Code of 1937 as it existed at the time the policy was written. *Bailey v. State Farm Fire & Casualty Co.* (1987), 156 Ill. App. 3d 979, 984, 509 N.E.2d 1064.

Moreover, the uninsured motorist statute provides in section 143(a)(4) that:

"In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the property damage, bodily injury or death for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer." Ill. Rev. Stat. 1985, ch. 73, par. 755a(4).

The trial court determined that plaintiff had received $100,000 from Anderson. Under the terms of the policy, that amount was to be set off from the maximum amount of uninsured coverage available to plaintiff, which was also $100,000. Thus, I agree with the trial court's finding that there was no available uninsured motorist coverage for plaintiff's claim. An insurer, who is governed by guidelines and restrictions enacted by the legislature, has the right to limit coverage on a policy it issues, and when it has done so, the clear and unambiguous language of the policy limitation clause must be given meaning, and the courts must construe and enforce the contract as made. *Kaszeski v. Fidelity & Casualty Co.* (1973), 54 Ill. 2d 241, 296 N.E.2d 743; *Gray v. Great Central Insurance Co.* (1972), 4 Ill. App. 3d 1084, 283 N.E.2d 261.

In light of the statutory mandate and the policy's unambiguous provision here which states its limit of liability, I would affirm the judgment of the trial court which granted judgment on the pleadings to defendant. Accordingly, I respectfully dissent from the majority opinion.