**WEST AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**Thomas REIBEL, Deborah Reibel, Individually and as Mother and Next Friend of Christian Reibel, a Minor, Kelly Reibel, a Minor, and Nicholas Reibel, a Minor, Defendants.**

**No. 90 C 5587.**

United States District Court, N.D. Illinois, E.D.

April 29, 1991.

---

Robert Marc Chemers, Jeffrey W. Davis, Pretzel & Stouffer, Chartered, Chicago, Ill., for plaintiff.

David Mokotoff, Highland Park, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff, an insurance company, filed this declaratory judgment action to resolve a dispute over liability insurance coverage. Plaintiff contends that the insured parties are not entitled to liability coverage for injuries they sustained in an automobile accident. Pursuant to Fed.R.Civ.P. 56, plaintiff now moves for summary judgment. For the reasons stated herein, plaintiff's motion is granted in part and denied in part.

## FACTS

Defendants Thomas Reibel and Deborah Reibel are the named insureds on an automobile insurance policy issued by plaintiff West American Insurance Company ("West American"). The policy provides uninsured motorist coverage and liability coverage to the Reibels. West American's limit of liability for each type of coverage is $100,000 per person and $300,000 per accident.

On October 1, 1988, during the policy period, the insureds were involved in an automobile collision. Thomas and Deborah Reibel were traveling with their three children when their automobile collided with an automobile driven by Harlan Noble, an uninsured motorist. The entire Reibel family suffered severe bodily injuries from the accident.

Following the accident, the Reibels filed a claim with West American for payment under the uninsured motorist provisions of their policy. West American paid the $300,000 policy limit. Deborah Reibel and the three children then decided to pursue an additional claim against Thomas Reibel, who was driving when the accident occurred. They asserted a claim under the liability coverage provisions of the policy based on Thomas Reibel's alleged negligence in driving the automobile. Unable to settle that claim with West American, the claimants filed suit against Thomas Reibel

and Harlan Noble in the Circuit Court of Cook County.

On September 25, 1990, West American filed this diversity action for declaratory relief. In particular, West American seeks a declaration that there is no liability insurance coverage and no duty to defendant Thomas Reibel in the state court action.

## DISCUSSION

West American contends that this coverage dispute may be resolved on summary judgment. In support of its motion for summary judgment, West American raises two arguments. First, West American argues that the policy expressly excludes liability coverage for claims asserted by members of the insured's family. Second, West American asserts that even if that coverage exclusion does not apply, the insurance policy contains a setoff provision which reduces the amount of liability coverage available to the Reibels.

### I. Family Member Exclusion

■ The insurance policy excludes coverage for bodily injuries sustained by a member of the insured's family. This "family member" exclusion provides as follows:

> We do not provide Liability Coverage for any person for **bodily injury** to you or any **family member.** However, this exclusion does not apply:
>
> a. to the maintenance or use of **your covered auto** by any person other than you or any **family member;** or
>
> b. when a third party acquires a right of contribution against you or any **family member.**

(Emphasis in original.) West American asserts that the lawsuit filed by the Reibel family fits squarely within the terms of the exclusion. In response, the Reibels argue that the exclusion does not apply.

By its clear and unambiguous terms, the family member exclusion is inapplicable "when a third party acquires a right of contribution" against the insured. The Reibels contend that Harlan Noble, a joint tortfeasor in the state court action, has a right of contribution against Thomas Reibel. Under the Illinois Contribution Among Joint Tortfeasors Act, "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, ... *there is a right of contribution among them,* even though judgment has not been entered against any or all of them." Ill.Rev.Stat. ch. 70, para. 302(a) (1989) (emphasis added). That statutory provision lends credence to the Reibels' position, though Noble has not technically acquired a right of contribution yet.

For all intents and purposes, a litigant does not obtain a right to contribution until he has paid more than his pro rata share of the common liability. *See id.* para. 302(b). If judgment is entered in favor of the plaintiffs in state court, and Noble pays more than his pro rata share of the judgment, then he will be entitled to contribution from Thomas Reibel, the other defendant. Thus, depending on the outcome of the state court proceedings, Noble may acquire a right of contribution. Given this possibility, it would be premature for the court to rule that a third party does not have a right of contribution (and that the policy's family member exclusion is therefore applicable). This issue simply cannot be resolved by summary judgment at this stage of the litigation.

### II. Setoff Provision

■ In the alternative, West American argues that a setoff provision in the policy substantially diminishes the Reibels' liability coverage.[1] The setoff provision reduces the liability coverage by the amount of any

---

1. The setoff provision states:
   If a premium is shown in the Declarations for Uninsured Motorists Coverage and if premiums are shown in the Declarations for SPLIT limits of liability under PART A—LIABILITY COVERAGE, the limit of liability shown in the Declarations for 'each person' for Uninsured Motorists Coverage is our maximum limit of

   liability for all damages for bodily injury sustained by any one person in any one accident. Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. This is the most we will pay regard-

previous payment made pursuant to the policy's uninsured motorist provisions. West American previously paid the Reibels $300,000—the policy limit for uninsured motorist coverage. Of this $300,000 payment, $280,000 was paid in settlement of the injuries suffered by Deborah Reibel and her three children, with the remaining $20,000 covering Thomas Reibel's injuries.[2] Offsetting the $280,000 payout against the $300,000 liability coverage limit, West American concludes that Deborah Reibel and the children are only entitled to $20,000 of liability coverage.

The issue before the court is whether this contractual limitation of liability is enforceable. Generally, "clear and unambiguous policy provisions are to be applied as written and policy language will be given its plain and ordinary meaning unless it contravenes public policy." *Greenawalt v. State Farm Ins. Co.*, 210 Ill.App.3d 543, 546, 155 Ill.Dec. 154, 156, 569 N.E.2d 154, 156 (1991); *see also Scudella v. Illinois Farmers Ins. Co.*, 174 Ill.App.3d 245, 249–50, 123 Ill.Dec. 673, 675, 528 N.E.2d 218, 220 (1988). The setoff provision in the Reibels' policy explicitly provides that "[a]ny payment under this [uninsured motorist] coverage will reduce any amount that person is entitled to recover for the same damages under Part A [liability coverage]." *See* note 1, *supra.* This provision is straightforward; any payout made pursuant to the policy's uninsured motorist coverage results in a corresponding reduc-

tion in liability coverage. The language is clear and unambiguous. The Reibels certainly do not argue that the provision contains any ambiguity. Therefore, the terms of the policy will be enforced as written unless public policy dictates otherwise.

With the involvement of uninsured motorist coverage, public policy concerns are implicated. Under the Illinois Insurance Code, automobile liability insurance policies must provide uninsured motorist coverage in an amount not less than $20,000 per person and $40,000 per accident. Ill.Rev. Stat. ch. 73, para. 755a (1989); Ill.Rev.Stat. ch. 95½, para. 7–203 (1989).[3] Unless there is a threat of a double recovery by the insured, Illinois courts will not enforce a setoff provision that has the effect of reducing uninsured motorist coverage below the statutorily required minimum. *See Hoglund v. State Farm Mut. Auto. Ins. Co.*, 211 Ill.App.3d 600, 156 Ill.Dec. 77, 570 N.E.2d 553 (1991); *Greenawalt*, 210 Ill. App.3d 543, 155 Ill.Dec. 154, 569 N.E.2d 154. Of primary concern is the public policy considerations behind uninsured motorist coverage:

> the public policy expressed by our uninsured-motorist statute is that the insured be provided coverage which would compensate him, in event of injury by an uninsured motorist, to at least the same extent as had he been injured by a motorist who was insured in compliance with the Financial Responsibility Law [Ill.Rev. Stat. ch. 95½, para. 7–203].

less of the number of:
  1. **Covered persons;**
  2. Claims made;
  3. Vehicles or premiums shown in the Declarations; or
  4. Vehicles involved in the accident.
Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:
  1. Paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and
  2. Paid or payable because of the bodily injury under any of the following or similar law:
  a. workers' compensation law; or
  b. disability benefits law.
Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.
(Emphasis in original.)

**2.** In their answer, the Reibels denied that the $300,000 payment was apportioned as described above. This general denial, however, is unsupported by the facts before the court. On February 3, 1989, following the settlement of the uninsured motorist claim, counsel for the Reibels sent a letter to the Ohio Casualty Insurance Company (West American is a member of the Ohio Casualty insurance group) which confirmed that $280,000 was paid in settlement of the claims asserted by Deborah Reibel and her children.

**3.** Of course, the parties are free to negotiate for coverage limits that are higher than the statutory minimum. *Greenawalt*, 210 Ill.App.3d 543, 547, 155 Ill.Dec. 154, 156, 569 N.E.2d 154, 156. Illinois law, in fact, requires insurance companies to "offer" uninsured motorist coverage "in an amount up to the insured's bodily injury liability limits." Ill.Rev.Stat. ch. 73, para. 755a–2(1) (1989).

*Glidden v. Farmers Auto. Ins. Ass'n,* 57 Ill.2d 330, 335, 312 N.E.2d 247, 250 (1974). The state legislature has manifested its intent to protect individuals who sustain a loss at the hands of a financially irresponsible motorist. Any attempt by the insurance company to diminish this protection is void as against public policy.

In this case, these same policy concerns are present, but they are not offended. The Reibels have recovered the full limits of their uninsured motorist coverage. Although the setoff provision limits their liability coverage, the uninsured motorist coverage is unaffected. The Reibels are not deprived of compensation they would have otherwise received if Harlan Noble, the uninsured motorist, was at least minimally insured. *Greenawalt,* 210 Ill.App.3d 543, 547, 155 Ill.Dec. 154, 156, 569 N.E.2d 154, 156. For this reason, the setoff provision does not contravene the public policy expressed in the State's uninsured motorist law.

■ The Reibels do not oppose the application of the setoff on the ground that it violates public policy. Nor do they suggest that the contractual provision should be invalidated on some other basis, such as fraud or mistake. Instead, the Reibels argue that the setoff provision does not apply in this case. They rest their argument on the very first sentence of the provision, which suggests that a setoff is taken only "[i]f a premium is shown in the Declarations for Uninsured Motorists Coverage and *if premiums are shown in the Declarations for SPLIT limits of liability under PART A—LIABILITY COVERAGE ....*" (Emphasis added.) According to the Reibels, the declarations do not show split limits of liability (apparently because the term "split" is not used).

Despite the fact that the term "split" does not appear in the declarations, it is clear that the Reibels hold a "split" limit policy. A policy with split limits of liability provides one level of coverage per person and a separate level of coverage per acci-

dent. *Watts v. Aetna Casualty and Sur. Co.,* 574 So.2d 364, 370–71 (La.Ct.App. 1990); *Derr v. Westfield Cos.,* 1990 WL 94080, \*1 1990 Ohio App. LEXIS 2689, \*3 (Ohio Ct.App. June 27, 1990); *Equitable Gen. Ins. Co. v. Courtesy Pontiac, Inc.,* 724 S.W.2d 856, 859 (Tex.Ct.App.1986).[4] The Reibels' policy is a classic example. The declarations indicate that West American's obligation for bodily injury coverage is limited to $100,000 per person and $300,000 per accident. Since the undisputed facts demonstrate that this policy is written with split limits of liability, the Reibels' argument fails. The Reibels have offered no other basis for concluding that the setoff provision is inapplicable. Consequently, the court will construe the plain meaning of the policy as written.

According to the setoff provision, West American may reduce the amount of liability coverage available to Deborah Reibel and her three children ($300,000) by the amount they received in uninsured motorist compensation ($280,000). The setoff decreases the limits of the Reibels' liability coverage to $20,000, and West American is obligated to provide coverage to that extent.

## CONCLUSION

For the foregoing reasons, West American's motion for summary judgment is granted in part and denied in part. With respect to the applicability of the family member exclusion contained in the insurance policy, West American's motion for summary judgment is denied. That issue is not properly resolved on summary judgment. To the extent West American seeks a declaration that the setoff provision is enforceable, the motion for summary judgment is granted. West American's obligation for liability coverage is limited to $20,000.

IT IS SO ORDERED.

---

**4.** "Split" limit liability is to be distinguished from a "single" limit of liability, in which the insurer's liability for bodily injury and property damage is based on a single limit per occurrence. *Watts,* 574 So.2d at 370; *Derr,* 1990 WL 94080, \*1 1990 Ohio App. LEXIS 2689, \*3.